ELLERD et al. v. RANDOLPH et al.

(Court of Civil Appeals of Texas. San Antonio. June 7, 1911. On Motion for Rehearing, June 29, 1911.)

1. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—RULING ON DEMURRER.

In an action by attorneys for a stipulated fee in a certain case, a demurrer was sustained to a special answer, alleging that the attorneys failed to do their duty in the appellate court. The court charged the jury that the failure of plaintiffs to orally argue the case in the appellate court would not defeat their right of action, if it did not injure defendants. A verdict was for plaintiffs. *Held*, that the verdict and charge precluded a review of the propriety of sustaining the demurrer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. APPEAL AND ERROR (§ 548*)—RECORD—CASE —NECESSITY—REVIEW OF EVIDENCE.

Where a demurrer was sustained to defendant's special answer which set up that plaintiffs, a firm of attorneys, were not entitled to a fee in a certain case, because they took another case, contrary to defendant's interest and defendant's statement of facts was stricken from the record, the appellate court cannot look to the testimony to ascertain the nature of the alleged hostile suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

3. HUSBAND AND WIFE (§ 262*)—COMMUNITY PROPERTY—PRESUMPTION AS TO NATURE OF PROPERTY.

Property sued for by a husband will be presumed to be community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

4. ATTORNEY AND CLIENT (§ 153*)—DUTIES OF ATTORNEY—ACTING FOR PARTY ADVERSELY INTERESTED TO CLIENT.

Attorneys, while representing a husband in a suit for the recovery of community property, took the case of his wife, against whom the husband had brought an action for divorce. *Held* that, as the wife's interest in this property depended upon the title of her husband, the attorneys were not acting adversely to the husband's interest in the suit for community property, and hence the husband was not entitled to refuse payment of their fee.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 299, 300; Dec. Dig. § 153.*]

5. ATTORNEY AND CLIENT (§ 153*)—COMPENSATION OF ATTORNEY—RIGHT TO.

Where attorneys accepted a retainer from one to recover certain land, and pending an appeal in that case circulated scandalous stories about their client in connection with another case, that fact does not entitle the client to refuse the agreed compensation after the attorneys brought the action to a successful termination.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 299, 300; Dec. Dig. § 153.*]

On Motion for Rehearing.

6. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR.

In an action by an attorney for an agreed fee, where defendant answered, first pleading a general denial, and then alleging that the attorney had not performed the services agreed upon, and had acted for parties adversely interested to defendant thereby putting an end to his employment, these last allegations constituted defensive matter available to defendant under the general denial, and the action of the court in sustaining a special exception thereto was not injurious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

7. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR.

Where the trial court admitted evidence of matters embraced in a special answer which was stricken out on exceptions, the defendants were not prejudiced by the ruling striking out the part of the answer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

8. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR.

Where defendants set up a cross-action in a special answer which was stricken out on exceptions, the action of the court was harmless, if erroneous, where evidence of the matters embraced therein was admitted and the jury found adversely to defendant's claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action by H. C. Randolph and another against R. M. Ellerd and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

Ellerd & Lewis, for appellants. Martin & Zimmerman, Mathis & Williams, and Webb & Joiner, for appellees.

JAMES, C. J. There is a motion to strike out the statement of facts, which, upon the oral argument, appellants' counsel conceded was well taken.

The only error, if any, which under the circumstances can be considered, is a fundamental one. It appears that the court sustained a general demurrer to defendants' special answer, which answer defendants declined to amend. The demurrer was: "Plaintiffs except generally to all matters set forth by way of special answer in defendants' original answer appearing in paragraphs 1 to 16, inclusive, of said answer, and say that the same, if true, * * * shows no defense to plaintiffs' suit." This left only, and the case went to trial on, the general denial by defendants.

The action was brought by H. C. Randolph and L. C. Penry to recover from appellants R. M. Ellerd and J. J. Ellerd the sum of $700 which they allege to be a contingent fee to be paid them upon the recovery of a certain 4,000 acres of land in Wilson county. Said suit was one styled R. M. Ellerd v. R. M. Cox et al. for the recovery of 4,000 acres of land, in which appellees Randolph and Penry and the firm of Miller & Dycus represented R. M. Ellerd. Said cause of Ellerd v. Cox was lost in the district court, but, on appeal, the Court of Civil Appeals reversed the judgment and vested title in Ellerd; the Supreme Court refusing a writ of error. We here copy from appellants' brief what is there set forth as constituting that part of the answer which the court struck out on the demurrer: "Appellants allege in defendants' original answer filed in the district court on December 20, 1909, that at the time they employed H. C. Randolph and L. C. Penry that they had the utmost confidence and good will toward them, and confided in said appellees every fact and circumstance with reference to their business that would be necessary for the defense in said case. They further allege: That after the case of R. M. Ellerd v. R. M. Cox et al. had been lost in the district court of Hale county, Texas, and before the same was briefed or tried in the Court of Civil Appeals at Ft. Worth, that L. C. Penry, who was a partner of H. C. Randolph, in total disregard of his oath as attorney of law, and of the sacred trust that was imposed and confided in him, did take a case that was antagonistic to the rights of R. M. Ellerd and J. J. Ellerd, and did assume an antagonistic position towards them, and said case was over the same subject-matter; said case being the case of Ruth Ellerd v. R. M. Ellerd and J. J. Ellerd. That the said L. C. Penry, who knew the testimony of R. M. Ellerd was material in the case of R. M. Ellerd v. R. M. Cox et al., and knew that it was part of his duty, consistent with legal ethics and morals to uphold the standing, veracity and integrity of R. M. Ellerd and J. J. Ellerd, but, notwithstanding said duty, he attacked the reputation of the said R. M. Ellerd and J. J. Ellerd, and did circulate scandalous, ridiculous, and false statements concerning R. M. Ellerd and J. J. Ellerd, and did charge them both with being in a conspiracy to defraud Ruth Ellerd, and as being falsifiers and perpetrators of a fraud, all of which statements were known to be false by the said L. C. Penry. That said L. C. Penry totally abandoned every right and interest that had been entrusted to him in the case of R. M. Ellerd v. R. M. Cox et al., and did so while the case of R. M. Ellerd v. R. M. Cox et al., was pending in the Court of Civil Appeals, and that said L. C. Penry did use the facts and circumstances that had been confided to him, and did make use of the confidential relations that he had received in the case of R. M. Ellerd v. R. M. Cox et al., antagonistic to the

said R. M. Ellerd and J. J. Ellerd in the case of Ruth Ellerd v. R. M. Ellerd and J. J. Ellerd. Appellants further allege that L. C. Penry and H. C. Randolph were employed to represent them in the higher courts, but that when said case was presented to the Court of Civil Appeals that neither L. C. Penry nor H. C. Randolph were present, and neither of them did the work that they were employed to do. Appellants further allege that appellees had been paid the sum of $300 to partition said land mentioned in the case of R. M. Ellerd v. R. M. Cox et al., that appellees had never performed said services, and that by reason of bringing this suit and by reason of the facts hereinbefore alleged that they had repudiated every right of appellants, wherefore appellants pray that they recover said $300. Appellants allege and appellees admit that L. C. Penry and H. C. Randolph were partners, and each were bound by the acts of the other with reference to this suit." Taking appellants' statement as to the contents of their voluminous answer and as to what is relied on, the question is, Does the statement disclose any valid matter of defense to the action?

[1] In so far as concerns the allegations of the answer shown by the two last paragraphs of said statement, we find that these subjects were practically disposed of by the verdict in view of the following charge: "(4) The failure of plaintiffs to appear in person before the Court of Civil Appeals and submit an oral argument or do any other act, necessary or unnecessary, in said Ellerd's behalf, at the time the said appeal of R. M. Ellerd versus R. M. Cox and others was submitted to that court for adjudication, would not of itself defeat the plaintiffs' right, if any, of recovery in this cause, provided you find and believe from the evidence that the contract of employment was made with plaintiffs, and that they performed the services substantially as alleged by them, and you further believe from the evidence that the plaintiffs' failure to continue to act as said Ellerd's counsel in the final partition of their interest in the said Wilson county school lands is not and has not been due to any fault of the plaintiffs." The charge is not complained of, and we must presume that there was testimony pro and con on the subject.

The remainder of the answer as shown by appellants' statement consists of allegations to the effect: That Penry, while he was employed as their attorney in the case of Ellerd v. Cox and under contract for the fee now sued for, violated his professional duty to appellants, and thereby has forfeited any claim for compensation by his firm under the contract of employment, in this: That while so employed he took a case against R. M. Ellerd which involved the same land, and took a position therein which was antagonistic to their duty to appellants under their contract of employment. That the case he took was the case of R. M. Ellerd v. Ruth Ellerd. It

may be as well to state in this connection that the answer does not disclose the nature of the case of R. M. Ellerd v. Ruth Ellerd, but alleges that Penry by taking the case involving the same land took a case that was antagonistic to appellants and assumed an antagonistic position towards them, contrary to the obligations of his employment to them in the case in which his firm was employed by them. The answer charges that Penry, knowing that R. M. Ellerd's testimony was material in the latter case, attacked the reputation of appellants and circulated false statements concerning them, and charged them with being in a conspiracy to defraud Ruth Ellerd and as being falsifiers, and that he used facts and circumstances that had been confided to him and made use of his confidential relations or communications arising in the case of Ellerd v. Cox antagonistic to appellants, in the said case of Ellerd v. Ellerd. The whole matter according to appellants' statement of the answer seems to center on the conduct of Penry in becoming counsel for Ruth Ellerd and performing professional duties to her in another suit contrary to the interest of appellants, his clients, which other suit affected the land he was under employment to recover for them.

[2] We take it that it is not proper for us to look to the testimony to ascertain the nature of the suit of Ellerd v. Ellerd; the statement of facts being stricken out. If we could, we would have no trouble in determining it. But we conceive we may look to any part of the record proper for that purpose. Although somewhat indistinct, it is apparent that it was a divorce proceeding brought by R. M. Ellerd against Ruth Ellerd. From one of appellants' bills of exception it appears that Randolph was asked the question: "Tell the jury what occurred at the time you called upon Ellerd to sign the note of Ellerd v. Ellerd?" Another bill of exception shows that these defendants propounded to the same witness the question: "At the time you spoke about yesterday that good feeling for the Ellerds in the matter and at the time you tendered back that note in the divorce case, and withdrew from that case, did you make any other statements at that time with reference to the feelings you had for the Ellerds?" In the motion for new trial one ground thereof was that the court refused to allow Randolph to be asked the question: "Tell the jury what occurred at the time you called upon Ellerds to sign the note in the case of Ellerd v. Ellerd?" Another ground of the motion was that the court refused to allow Randolph to answer the question: "At the time you spoke about yesterday that good feelings for the Ellerds in this matter, at the time you tendered back that note in the divorce case and withdrew from the case, did you make any other statement at that time with reference to the feelings you had for the Ellerds?" As the

record indicates that the case of Ellerd v. Ellerd was a divorce suit by Ellerd against his wife, Ruth, we may pass upon the propriety of the alleged conduct of Penry in representing the wife in that suit in the light of such fact.

[3, 4] The presumption is that R. M. Ellerd's interest in the 4,000 acres was community property. This being so, certainly no issue would arise in that suit hostile to the title of R. M. Ellerd to the land. The wife's right in and to the property would depend on the right of the husband; and both parties were interested in the validity of his title. Whatever question which could have arisen in the divorce suit in reference to the land must have been in reference to their respective rights inter sese based on the title the husband had. It seems to us clearly there was nothing inconsistent with his duty in the other case for Penry to represent the wife in the divorce proceeding, nor in her assertion of any right she had in the land growing out of her and her husband's relations to each other.

[5] We take it that those allegations which charge Penry with attacking the veracity and integrity of the Ellerds and circulating scandalous, ridiculous, and false statements concerning them, and with being in a conspiracy to defraud Ruth Ellerd and as being falsifiers and perpetrators of a fraud and used confidential communications he had received in the case of Ellerd v. Cox antagonistic to appellants in the case of Ellerd v. Ellerd, are insufficient reasons for denying to plaintiffs a recovery of the fee sued for in this case. In the first place, they were employed by appellants to prosecute the suit of Ellerd v. Cox for the recovery of the 4,000 acres, and the fact is they prosecuted the suit to a successful termination, thereby earning the fee according to the contract. This was a matter tried and determined by the verdict and judgment now sought to be reversed. It was also a fact determined, in effect, that plaintiffs did not abandon their employment. The contention seems to be that they constructively abandoned their employment by the conduct of Penry as alleged. If they actually did not abandon it, but prosecuted the action to a successful termination and performed their contract, as has been found, we do not see how the court could declare a forfeiture of their right to the agreed compensation, even if Penry had been guilty of unprofessional conduct, when such conduct did not interfere with the performance of the contract and the same was nevertheless performed. This applies to both R. M. Ellerd and J. J. Ellerd.

Such conduct as abusing confidences or as slandering appellants or charging them with conspiracy might afford ground for proceedings against Penry, but cannot avail defendants as a bar or defense to an action against

them for compensation for services in their behalf agreed to be performed and actually performed. The case here might be different had it been shown that the acts complained of worked detriment to appellants in respect to their recovery in the case of Ellerd v. Cox, but this was not the case and the contrary was the fact.

The judgment is affirmed.

On Motion for Rehearing.

[6] We are of opinion that the facts set up in defendants' answer, as shown in appellants' statement thereof, and as copied in the main opinion, constituted defensive matter which was available to defendant under the general denial. The striking out of such portion of the answer was therefore harmless, in view of the fact that the general denial remained. The portion of the answer stricken out was really a pleading of defendants' evidence.

[7] An inspection of the charges given and refused, and the issues thereby indicated, shows that testimony was allowed to be introduced touching the matters embraced in what was stricken out. Under these circumstances, we cannot see wherein it appears that defendants were prejudiced by the court's action in sustaining the demurrer.

[8] It is true that defendants based a cross-action upon the facts contained in what was stricken out, which was a relief they could not have had under a general denial. But when it appears, as it does here, that those facts were gone into on the trial, and the jury have found adversely to defendants on them, it becomes evident that defendants had no ground for the cross-action, and were not prejudiced by the court's ruling on the demurrer, in respect thereto, for, if the facts did not exist to constitute a defense, they did not exist to constitute a cause of action.

There being no statement of facts, and the only error which we may consider being that in reference to the demurrer, and this action of the court being found to be harmless error, if any, we think the judgment of the district court should be affirmed for the above reasons, as well as for the reasons stated in the main opinion.

Motion overruled.