**P & M ELECTRIC COMPANY et al.,**
**Relators,**

v.

**L. D. GODARD, District Judge, Galveston County, Respondent.**

**No. B–3074.**

Supreme Court of Texas.

March 15, 1972.

Fred A. Lange, Houston, for relators.

Jamail & Gano, John Gano, Houston, Edward T. McFarland, Lufkin, for respondent.

DENTON, Justice.

In this direct proceeding in this Court, relator P & M Electric Co. seeks a writ of mandamus directing Honorable L. D. Goddard, Judge of the 122nd District Court of Galveston County, to set aside the order of the said Court entered in Cause No. 109,650, disqualifying Fred A. Lange from acting as attorney for P & M Electric, plaintiff in said cause.

This suit was filed on September 30, 1971, in which P & M Electric sought damages and an injunction to prevent Gerald and May Mora from selling, offering to sell, leasing or offering to lease any part of a 190 acre tract of land P & M alleged it held under a lease with option to purchase obtained from the Moras on July 30, 1970. P & M obtained a Temporary Restraining Order against the Moras on October 4, 1971. The suit was filed by Gerald H. Fortney as attorney for P & M Electric Co. On October 14, 1971, Mr. and Mrs. Mora filed a motion to disqualify Mr. Fortney as plaintiff's attorney on the ground Mr. Fortney had previously represented Mrs. Mora in transactions and the negotiation and preparation of documents made the basis of this suit. Upon a hearing on this motion, the trial judge held Mr. Fortney was so disqualified. Mr. Fortney appeared at this hearing and was represented by Fred A. Lange. On November 16, 1971, Mr. Lange filed plaintiff's first supplemental petition as attorney of record for P & M Electric Co. The Moras subsequently filed their motion to disqualify Mr. Lange as attorney for P & M Electric Co., alleging that Lange, as attorney for Fortney in connection with the hearing on Fortney's disqualification, made himself privy to the same privileged material that Fortney had from Mrs. Mora involving transactions involved in this suit. Their position is Lange stands in the same shoes as Fortney, and thus is placed in the same legal fiduciary relationship to the defendants as Fortney.

We are not concerned here with the qualification of Mr. Fortney. For the purposes of this appeal, we assume that he is disqualified to represent P & M Electric Co. He previously had represented Mrs. Mora in a divorce action against her husband prior to the execution of the lease with an option in issue in the primary cause here, and had advised her concerning numerous judgments affecting the land in question. Although, Mrs. Mora discharged Mr. Fortney as her attorney on about June 30, 1970, he apparently participated in the Mora negotiations with P & M concerning the execution of the lease, and represented Mrs. Mora in the division of the proceeds of the $24,000 payment by P & M for the lease option. Mr. Fortney received $7,500 of that sum for services rendered Mrs. Mora.

An attorney may not represent conflicting interests; and may not divulge a client's secrets or confidences, or accept employment from others in matters adversely affecting an interest of the client with respect to which confidence has been reposed. See Canons 6 and 34. Article XIII, Section 3 of the State Bar Rules, Vernon's Ann.Tex.Civ.Stats.

We are not concerned here, however, with the usual client-attorney relationship. The question is whether Mr. Lange is disqualified to represent P & M Electric Co., by virtue of his representation of Mr. Fortney, who has been held to be disqualified because of his prior representation of Mrs. Mora. Admittedly, there has been no attorney-client relationship between Lange and the Moras, and Lange is not a partner or personally associated with Fortney. It is undisputed Fortney employed Lange to represent the former in his disqualification hearing. Prior to this hearing P & M Electric Co. had independently employed Lange to represent them in the case against the Moras.

A somewhat similar question was presented in T. C. Theatre Corp. v. Warner Bros. Pictures, 113 F.Supp. 265 (S.D. N.Y.1953), rehearing denied 125 F.Supp. 233. The case involved a motion picture distributing company antitrust suit. Universal Pictures, Inc., a party defendant, filed a motion to disqualify Thomas Cooke from acting as attorney for the plaintiff on the ground he had previously represented *Universal* in prior related litigation, a motion to disqualify Alexander Kahan on the ground he had represented Cooke to recover the balance of Cooke's fees for his previous representation of Universal; and to disqualify Gorfinkle & Adler, the attorneys of record for the plaintiff on the

ground they retained Cooke in order to make use of confidential information he received in the course of his former employment. The court in finding Cooke to be disqualified to bring suit against his former client held,

". . . the former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client."

The court refused to disqualify Kahan and Gorfinkle and Adler. As to Kahan, the court held,

"I will assume that confidential information material to T. C.'s case was actually imparted to Cooke during the Paramount litigation. Universal contends that it must be presumed that Cooke has passed it on to those with whom he is associated with in this suit. Universal admits that there is no direct evidence that this has been done, but asserts that because Kahan is Cooke's lawyer in the fee suit, it necessarily follows that Cooke in enumerating his services to him made full disclosure of all that Universal told him.

". . . The Court is not required to indulge in any presumption that Cooke has divulged confidences reposed in him by his former clients simply because he is now engaged in a lawsuit with them. The presumption would be to the contrary."

In holding Gorfinkle and Adler, the two attorneys who retained Cooke, were not disqualified, the court held that the presumption is that they did not act unethically, and that Cooke was not retained in order that they might make use of the confidential information he received in the course of his former employment.

If ethical principles promulgated by the Canons of Ethics are applied to the instant case, it becomes evident Lange is not disqualified to represent P & M Electric Co.

in the primary suit. There is no evidence information from the Fortney file pertaining to his representation of Mrs. Mora has been made available to Lange. Lange, as the only witness to testify during the hearing, repeatedly testified the file had not been made available to him. In entering its order disqualifying Fortney from representing P & M Electric in this suit, the trial court further prohibited Fortney "from in any way violating his fiduciary relationship as attorney to such defendants." We will not indulge in a presumption the order will be violated. The presumption is to the contrary. P & M Electric Co.'s cause of action against the defendants does not depend upon the disclosure of confidential information in the possession of Fortney. The suit is based upon the lease and option to purchase executed by the parties here. The instrument has been filed of record. As we view the record, Lange is not disqualified from acting as counsel for the plaintiff, P & M Electric Co., in the case.

Writ of Mandamus will issue in the event the order disqualifying Fred A. Lange is not set aside.