HOWARD HUGHES MEDICAL
INSTITUTE, Appellant,

v.

Annette Gano LUMMIS, Appellee.

No. A2176.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1980.

Rehearing Denied Feb. 27, 1980.

Thomas L. Schubert, Douglas J. Dillion, Berry D. Bowen, Andrews, Kurth, Campbell & Jones, Houston, for appellee Annette Gano Lummis.

Mark White, Atty. Gen., Bert W. Pluymen, W. David Deaderik, Asst. Attys. Gen., Austin, George J. Parnham, Houston, for appellee State of Tex.

J. Clifford Gunter, III, Bracewell & Patterson, Houston, for appellee Barbara Cameron, Arness Roberts and Elspeth DePould.

O. Theodore Dinkins, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, for appellee ad litem for unknown heirs of Howard R. Hughes, Jr.

J. Thomas Eubank, Jr., Baker & Botts, Houston, for appellee Rice University.

Robert H. Roch, Fisher, Roch & Gallagher, Houston, for appellee Rush Hughes and Avis Hughes McIntyre.

C. Lee Caldwell, Houston, for appellee Church of Latter Day Saints.

C. M. Hank Hudspeth, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee Annette Gano Graff.

Richard D. Grisanti, Buffalo, N.Y., for appellee Victor L. Ganoe, et al.

Wallace T. Shanks, Williams & Shanks, Houston, for appellees Robert C. Hughes, et al.

C. Alex Meacham, Smyrna, Tenn., for appellees Elizabeth Hughes McLuglad, et al.

Before J. CURTISS BROWN, C. J., and MILLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal by the Howard Hughes Medical Institute (HHMI or Appellant) from the judgment of the probate court of Harris County granting summary judgment in favor of Annette Gano Lummis (Lummis or Appellee) on her declaratory judgment claim that the alleged will claimed by HHMI is not the valid last will and testament of Howard Hughes.

Howard Robard Hughes, Jr., died on April 5, 1976. On April 14, 1976 appellee

Randall W. Wilson, Stephen D. Susman, Mandell & Wright, Houston, for appellant.

Annette Lummis, Hughes' aunt, and her son, William R. Lummis, applied for and were granted letters of temporary administration of Hughes' estate, in Probate Court No. 2 of Harris County. The letters of temporary administration were sought primarily to facilitate the finding of Mr. Hughes' will.

On February 24, 1977, HHMI filed an entry of appearance in the probate court proceedings claiming that Hughes did execute a last will and testament leaving his entire estate to HHMI. Appellant also gave notice through this entry that it had filed a petition in the district court of Nevada, Clark County, claiming that Hughes had executed such a will and sought an opportunity to discover it or prove its contents as a last will under the laws of Nevada.[1]

On April 6, 1978, Lummis filed her original cross-action, in which she sought a declaratory judgment "that the alleged will claimed by HHMI is not the valid last will and testament of Howard R. Hughes, Jr." Lummis subsequently filed a motion for summary judgment on her declaratory judgment action. The motion was granted and judgment was entered, holding in part that HHMI's claim of a will in which it is a beneficiary is invalid. Appellant appeals from this judgment.

█ Appellant contends in its first point of error that a declaratory judgment action cannot be used to determine appellant's will claim. Under the Texas Probate Code, a definite plan has been provided for the proving and finding of lost wills. Tex.Prob. Code Ann. §§ 84, 85 (Vernon 1956). Section 85 gives the requirements regarding proof of wills not produced in court. Section 85 states that a lost will shall be proved in the same manner as provided in section 84. Under section 84, due execution of the will must be proved, whether it be an attested written will or a holographic will. An attested written will may be proved by the testimony of at least one attesting witness, or if unavailable, by at least one witness who is familiar with the handwriting of an attesting witness or the testator. A holographic will must be proved by two witnesses who can identify the testator's handwriting.

In addition, section 85 requires that the cause of non-production be proved. Furthermore, the contents of such a will must be proved by a witness who has read the will or heard it read. Tex.Prob.Code Ann. § 85 (Vernon 1956). Section 73 provides for a four year period from the time of decedent's death within which to offer a will for probate. Tex.Prob.Code Ann. § 73 (Vernon Supp.1978–1979). Appellant has not offered any alleged lost will for probate in the court below and does not contend that any such will can presently be established under the requirements of Texas law. Appellant will be foreclosed from offering any such will for probate four years after April 5, 1976.

To allow the declaratory judgment mechanism to determine the validity of HHMI's claim that a valid will exists would impermissibly subvert the statutory scheme and time limitations established by the probate code. If this determination were allowed, the period in which a will meeting the statutory requirement for validity may be filed for probate would be shortened. We hold that the declaratory judgment was an impermissible advisory opinion before joining of issue in a will contest, and before the expiration of the time allowed by law for the filing for probate of a valid last will and testament meeting all the requirements of the probate code.

Since we must reverse, we do not reach any of the other points of error except the disqualification issue which appellant raises. Appellant claims that Andrews, Kurth, Campbell and Jones, the law firm that rep-

---

1. On December 6, 1977, a jury trial commenced on the question of Hughes' domicile. A jury found Hughes to be domiciled in Texas and a judgment was entered accordingly. That judgment was appealed to this court but was transferred to the Court of Civil Appeals for the 10th Supreme Judicial District at Waco. Lummis then brought an interpleader action in federal court for the Western District of Texas to determine Hughes' domicile. Both pending appeals in State Court and Federal Court remain unresolved at the present time.

**174**

resents appellee, should be disqualified in this action because its continued representation would result in violations of the canons of professional conduct.[2]

■ The rule under the "substantially related" test is that an attorney will be disqualified if a substantial relationship can be shown between the *subject matter* of a former representation by the attorney and a subsequent adverse representation. *P. & M. Electric Co. v. Godard,* 478 S.W.2d 79 (Tex.1972).

■ Andrews, Kurth served as counsel for HHMI for more than twenty years and helped in obtaining HHMI's tax exempt status. Andrews, Kurth also had knowledge of HHMI's policies and operations. However, the matters now at issue in this appeal concern appellant's claim of a valid will allegedly leaving Hughes' estate to HHMI. Thus, Andrews, Kurth's previous work for HHMI does not have a substantial relationship with the matters now pending on appeal. Moreover, some courts have used an equitable approach and have considered other factors, such as the time and expense expended by counsel on behalf of its present client and the prejudice that might result to counsel's present client if counsel were forced to withdraw. *See Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,* 518 F.2d 751 (2d Cir. 1975); Note, *Motions to Disqualify Counsel Representing an Interest Adverse to a Former Client,* 57 Texas L.Rev. 726, 739 (1979). Lummis has retained Andrews, Kurth as her counsel in all of the probate proceedings relating to Hughes' estate in this state and others. She would suffer extreme hardship if Andrews, Kurth were to be forced to withdraw from this case.

We reverse that part of the judgment granting summary judgment on the declaratory judgment and remand for further

proceedings but affirm on the disqualification point and overrule appellant's assignment relating thereto.

Affirmed in part, reversed and remanded in part.

---

**2.** Specifically, HHMI claims that Andrews, Kurth's representation of Lummis is contrary to Canons 4, 5, and 9, and the disciplinary rules and ethical considerations therein. Canon 4 states that "a lawyer should preserve the confidences and secrets of a client." Canon 5 states that "a lawyer should exercise independent professional judgment on behalf of a client." Canon 9 states that "a lawyer should avoid even the appearance of professional impropriety." State Bar of Texas, Rules and Code of Professional Responsibility art. XII, § 8 (Vernon 1973).