**Daryl Glenn LOTT, Appellant,**

v.

**Claudia E. LOTT, Appellee.**

**No. 20181.**

Court of Civil Appeals of Texas, Dallas.

Aug. 6, 1980.

Rehearing Denied Sept. 24, 1980.

Philip R. Russ, Dallas, for appellant.

Michael F. Pezzulli, Kelsoe & Ayres, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Daryl Glenn Lott appeals from a divorce decree appointing his ex–wife, Claudia E. Lott, managing conservator of their child, and ordering child support. He also contends that his motion to disqualify appellee's counsel should have been granted, and that the court erred in entering a judgment nunc pro tunc without hearing evidence after it had granted appellant's motion for new trial. We affirm.

Eleven days after the original divorce decree was entered on June 15, 1979, appellant filed a motion for new trial or to set aside the judgment. A hearing on this motion was heard by a judge other than the one who tried the case. The hearing was held on July 13th, the thirtieth day after final judgment was rendered. At that hearing, appellant repeatedly informed the court that he was only asking the court to enter a corrected judgment, reciting that appellant did not announce ready for trial and changing the property division in certain respects. He asserted that he only wanted the court to set aside the judgment, and that it would not be necessary to retry the case. At the end of the hearing the judge stated, "[t]he court is going to grant the motion to set aside." The order signed on that day, however, grants a new trial. After the judge who heard the case returned, he signed a "Decree of Divorce Nunc Pro Tunc" on August 9, 1979, which amended the original decree only by stating that appellant had announced not ready for trial.

■ On appeal appellant contends that this judgment "nunc pro tunc" is void because the court did not hear evidence after it granted the motion for new trial. Appellee counters that appellant is estopped from arguing this point because of his assertions to the judge at the hearing on the motion for new trial that a new trial would not be necessary. We agree with appellee. After appellant argued to the trial court that if his motion was granted a new trial would not be necessary, and obtained a ruling based upon this assertion, he cannot change his position. A party who takes a position successfully in a judicial proceeding cannot then take an inconsistent position, especially if his adversary is thereby prejudiced. *See May v. Wilcox Furniture Downtown, Inc.*, 450 S.W.2d 734, 739 (Tex.Civ.App.–Corpus Christi 1969, writ ref'd n.r.e.); *Lobit v. Crouch*, 323 S.W.2d 618, 620 (Tex.Civ. App.–Austin 1959, writ ref'd n.r.e.); *Marvin v. Pierson*, 115 S.W.2d 712, 713 (Tex.Civ. App.–Dallas 1938, writ dism'd). Appellee would be prejudiced if the second decree is declared void because a new trial would then be necessary. Consequently, appellant's argument that the decree is not valid because no evidence was taken prior to its rendition is overruled.

■ Appellant argues that if he is estopped from arguing that the court should have taken evidence prior to entry of this second judgment, then appellee is estopped from arguing that the "Decree of Divorce Nunc Pro Tunc" is valid. He bases this contention on the fact that appellee, prior to filing her brief in this court, in response to questions from this court, stated in a latter brief to the court that this second judgment was not valid. We cannot agree that appellee is estopped to assert that the judgment is valid. This action was not dismissed by the court pursuant to her contention. Therefore, she did not successfully maintain one position and then change her position in a subsequent proceeding. In appellee's brief filed with this court, and at oral argument, she contended the decree was indeed valid, and that she was mistaken in her earlier statement to the court that it was not. Appellant argues that he was prejudiced by this statement because he did not bring forward several points of error which he would have presented. As this court has now allowed appellant to raise these contentions in a supplemental brief, appellant has not been prejudiced.

■ We next consider appellant's arguments concerning his motion to disqualify appellee's counsel. At a hearing on this motion, appellant testified that he had em-

ployed the law firm of Kelsoe and Ayres to represent him in a lawsuit against Reproductive Services, Inc., and that subsequently, he and his wife both employed them in that suit. About this time appellee, represented by Kelsoe and Ayres, filed suit for divorce from appellant. Although appellant later testified that he never received a copy of the letter, he admitted that he saw a letter from the firm of Kelsoe and Ayres saying that they could no longer represent him in the suit against Reproductive Services, Inc. Appellant later intervened in that suit. He now argues that the trial court erred in not granting his motion to disqualify counsel because the above facts reveal a conflict of interest. In particular, he relies on the Code of Professional Responsibility, Canon 9 of the American Bar Association, which provides that an attorney shall avoid even the appearance of impropriety.

The rule is that the attorney shall be disqualified from representing a client when the adverse party is a former client, if the matter in which he represented the former client is "substantially related" to the present action. *Westinghouse Electric Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 223 (7th Cir. 1978); *Howard Hughes Medical Institute v. Lummis*, 596 S.W.2d 171, 174 (Tex.Civ.App.–Houston [14th Dist.] 1980, no writ). On this record, we cannot say that the two actions are substantially related. The pleadings in the suit against Reproductive Services, Inc. were not admitted into evidence. All the record discloses is that the *action against Reproductive Services, Inc.* was for personal injuries to appellee. In the divorce decree, the court awarded appellee the proceeds of that claim as her separate property, and appellant was awarded the amount of his claim in intervention as his separate property.

Appellant argues that the suits are related because appellee changed her pleadings in the Reproductive Services, Inc. action from a claim for treble damages under the Deceptive Trade Practices Act, Tex.Bus. &Com. Code Ann. §§ 17.41–17.63 (Vernon Supp. 1980), to a claim only for negligence, thereby changing the proceeds from com-

munity property to her separate property. The record of this hearing, however, does not reflect this fact. While there may be the appearance of impropriety here, it is not sufficient to warrant the disqualification of the .attorney. We therefore, sustain the action of the trial court in overruling this motion for disqualification.

■ Appellant next attacks the divorce decree in several respects. His first argument is that there is no evidence, or insufficient evidence, that appellee had been a resident of the state of Texas for six months preceding the filing of the divorce action. Tex.Fam.Code Ann. § 3.21 (Vernon 1973) provides that no suit for divorce may be maintained unless the petitioner or the respondent has been a domiciliary of the state for the six–month period preceding the time the suit was filed. One of the parties must also have been a resident of the county for the preceding ninety–day period. The trial court found that the residential qualifications had been met.

Appellee testified that she had lived in Dallas County for six months prior to the filing of the divorce in September 1978. She also testified that she lived with her parents for a few months in California, and was there in January and February of 1978, and that she "came back, and [she] lived in Oklahoma for a while" with appellant. She came back from Oklahoma in August 1978.

Temporary absences from the county or the state will not affect the right of a party to maintain an action for divorce. *Posey v. Posey*, 561 S.W.2d 602, 605 (Tex.Civ.App.– Waco 1978, writ dism'd); *Stacy v. Stacy*, 480 S.W.2d 479, 482 (Tex.Civ.App.–Waco 1972, no writ); *Meyer v. Meyer*, 361 S.W.2d 935, 938 (Tex.Civ.App.–Austin 1962, writ dism'd). We cannot determine from this record how long appellee was in Oklahoma or California. When appellee testified that Texas was her residence, the fact that she lived in California and Oklahoma for brief periods of time does not require reversal of the court's finding that she had established residence in Texas.

Appellant also attacks the portion of the decree in which the court found that it was in the best interest of the child to appoint appellee managing conservator. He contends the evidence is insufficient to sustain this finding. We first note that appellant did not even request the court to appoint him managing conservator. Appellee testified that she wanted the child and that she believed she was competent to take care of the child, and appellant did not testify to the contrary. Appellant argues that appellee's testimony that she goes out on dates and leaves the child with her parents bears unfavorably on her fitness as a mother. In this connection, he argues that the trial court erred in not allowing him to ask appellee if she left the child with her parents overnight. We cannot agree that even an affirmative answer to this question would require us to reverse this finding. A trial court's finding of best interests of the child will not require reversal unless there has been a clear abuse of discretion. *Herrera v. Herrera*, 409 S.W.2d 395, 396 (Tex. 1966); *In re Marriage of Stockett*, 570 S.W.2d 151, 153 (Tex.Civ.App.–Amarillo 1978, no writ). On this record, there is no abuse, especially in light of the fact that appellant did not request custody of the child.

Appellant's last argument is that the evidence does not support the court's award of child support in the amount of $60 per week for sixty–seven weeks, and then $45 per week until the child reaches eighteen. Appellant testified that she had no income, that her father paid for rent and clothes, and that she had not worked for seven months prior to the trial. Although she had made only one attempt to find a job during this time, she testified that she did not have transportation to work and that day care for her child and other expenses which would have to be paid if she worked amounted to more than she could make. Her expenses include $200 a month for rent, $100 a month to feed the child, and $25 a month to clothe the child. Appellant testified that the temporary order of child support of $275 a month was hardship on him. At the time of trial he was in jail for non–payment of his temporary support. He stated further that he had lost his job when he was jailed and that he had no other income or credit. He thought that he could return to his job after leaving jail, however, at a net rate of pay of $200 a week.

The trial court's decision on support cannot be overturned unless it constitutes a clear abuse of discretion. We cannot substitute our findings for the court's unless this abuse is shown. *Labowitz v. Labowitz*, 542 S.W.2d 922, 924 (Tex.Civ.App.–Dallas 1976, no writ). The evidence shows that appellee has a need for money to support her child and that appellant has an income of at least $800 a month. An award of $240 a month child support is not so unreasonable as to constitute an abuse of discretion.

Accordingly, we affirm.