**Daryl Glenn LOTT, Appellant,**

v.

**Roe Jack AYRES, and Kelsoe & Ayres, a Professional Corporation, et al., Appellees.**

**No. 20443.**

Court of Civil Appeals of Texas, Dallas.

Dec. 22, 1980.

Rehearing Denied January 12, 1981.

Philip R. Russ, Dallas, for appellant.

Patrick F. McGowan, Strasburger & Price, Dallas, for appellees.

Before CARVER, STOREY and STE-PHENS, JJ.

STOREY, Justice.

Daryl Lott appeals from a summary judgment in a legal malpractice case against R. Jack Ayres and others. Lott alleges that the trial court erred in granting the summary judgment, because Ayres breached a fiduciary duty owed him. Lott claims that Ayres gained confidential information from him while representing him and his wife in a damage suit. The breach occurred, according to Lott, when Ayres used this information against him in a subsequent divorce suit. We conclude that Ayres did not breach any fiduciary duty that he owed Lott, because there is no substantial relationship between the two cases. Accordingly, we affirm.

In September 1976, Lott consulted Ayres about representing Lott and his wife Claudia in a negligence action against Reproductive Services, Inc. arising out of an abortion performed on Claudia. On this occasion, Lott executed a contract of employment. Later, in conference with Claudia concerning the damage claim, Ayres discovered a possible conflict of interest between Claudia and Daryl Lott. Ayres promptly mailed a letter to Lott advising that, due to this conflict, Ayres could not represent Lott. Ayres continued to represent Claudia in her action against Reproductive Services. Lott then obtained other counsel and intervened in Claudia's damage suit. Ayres subsequently represented Claudia in a divorce proceeding against Lott, whereupon Lott filed this suit to enjoin Ayres from prosecuting a motion to dismiss appellant's intervention in the damage suit and from representing Claudia in her damage claim. Lott also prayed that a receiver be appointed to obtain Ayres' work product as it related to his representation of Claudia's damage suit, and for damages, actual and exemplary, as well as damages under the Deceptive Trade Practices Act. After a hearing, the application for injunctive relief and for the appointment of a receiver were denied, and thereafter Ayres' motion for summary judgment was granted.

Lott contends that Ayres breached a fiduciary duty owed him by reason of the attorney-client relationship existing during the course of Claudia's damage suit. Lott contends that Ayres used information against Lott in the divorce proceeding which was obtained during their prior relationship, but points to no specific information which has any bearing on the second suit. Lott also contends that Ayres must be presumed to have used confidential information by reason of his prior representation.

 As to whether Ayres may be *presumed* to be using confidential information in an action against a former client, the test is whether the matter in which he represented the former client is "substantially related" to the present action. *Westing-*

*house Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 223–25 (7th Cir. 1978). The rule underlying this "substantially related" test is that an attorney will be disqualified if a substantial relationship can be shown between the subject matter of a former representation by the attorney and a subsequent representation. *Howard Hughes Medical Inst. v. Lummis*, 596 S.W.2d 171, 174 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). An attorney may not represent conflicting interests; and may not divulge a client's secrets or confidences, or accept employment from others in matters adversely affecting an interest of the client with respect to which confidence has been reposed. *P & M Elec. Co. v. Godard*, 478 S.W.2d 79, 80 (Tex.1972); *see* Tex.Rev.Civ.Stat.Ann. art. 320a–1, tit. 14, art. XII, § 8, canons 4, 9 (Vernon 1973).[1] This court followed these rules in the appeal of the Lott's divorce case. *Lott v. Lott*, 605 S.W.2d 665 (Tex.Civ. App.—Dallas 1980, writ filed). In that appeal, Lott argued that Ayres was disqualified to represent Mrs. Lott in the divorce action due to a conflict of interest. We held there that the two actions, the cause of action against Reproductive Services and the divorce action, were not substantially related. We further noted "[A]ll the record discloses is that the action against Reproductive Services, Inc. was for personal injuries to Claudia. In the divorce decree, the court awarded appellee the proceeds of that claim in intervention as his separate property." *Lott v. Lott, supra*, at 668.

Although not directly on point with the instant case, *Ellerd v. Randolph*, 138 S.W. 1171 (Tex.Civ.App.—San Antonio 1911, writ dism'd) points out that it is not a breach of the attorney's fiduciary duty to represent subsequently one of the spouses in a divorce proceeding, despite the fact that that attorney may have represented the other or both spouses in a different case. In *Ellerd*,

plaintiff attorneys sued defendants to recover a contingent fee to be paid to them for recovery of certain land. One defendant alleged that the attorneys were not entitled to recover the fee because they represented his wife in a divorce proceeding against him, thereby assuming an antagonistic position because the suits involved the same subject matter, the land. The court stated that both the husband and wife would be interested in obtaining a valid, clear title to the land and that whatever question could have arisen in the divorce suit involving the land must have been in reference to their respective rights based on the husband's title. The court held that there was nothing inconsistent with the attorney's duty in the land case and his duty in representing the wife in the divorce proceeding.

■ Because there exists no substantial relationship between the two causes of action, we may not presume that Ayres has breached a duty owed Lott by having gained confidential information from him. Therefore, we hold that the information that Ayres received, or may have received, from speaking to Lott regarding the suit against Reproductive Services had no bearing on the divorce suit or upon Ayres' duty to Lott, and accordingly affirm.

Affirmed.

## ON MOTION FOR REHEARING

■ Daryl Lott complains in his motion for rehearing that our original opinion fails to address that part of his cause of action relating to the breach of the employment contract between him and the appellees. Our failure to address this question was not oversight, but rather arises from the fact that neither the pleading nor the response to appellees' motion for summary judgment

---

1. We note that the adoption of canon 9 in the Code of Professional Responsibility, enjoining attorneys to avoid even the appearance of impropriety, weighs heavily in determining whether a substantial relationship exists. The existence of this canon might sway us in another case if there were shown *some* relationship between a prior and present case, or if an attorney had represented his client extensively over a substantial period of time and then represented an opposing party. *See* Comment, Ethical Considerations When An Attorney Opposes a Former Client: The Need for a Realistic Application of Canon Nine, 52 U.Chi.Kent L.Rev. 525, 536 (1975).

alleges a specific breach. Lott's motion for rehearing does not point to a specific breach. However, if we indulge in implications which may be drawn from the general language used in the pleading and response, we may conclude that the breach complained about is appellees' withdrawal from representation of Lott upon discovery that a probable conflict of interest existed between Lott and his wife.

The circumstances leading to appellees' withdrawal from representation of Lott are set forth in the original opinion. We hold that under those circumstances appellees' withdrawal and refusal to continue representation was not a breach of the employment contract, because appellees demonstrably had a right, and perhaps even a duty, to withdraw. A lawyer is precluded from accepting or continuing employment when asked to represent two or more clients who may have differing interests whether such interests be conflicting, inconsistent, diverse or otherwise discordant. Tex.Rev.Civ.Stat.Ann. art. 320a–1, tit. 14, art. XII, § 8, EC 5–14 (Vernon 1973). *See also id.*, DR 5–105(B). Additionally, appellees' withdrawal did not leave Lott in a posture of default. As revealed in the record, immediately after appellees' withdrawal Lott employed other counsel, intervened in his wife's pending personal injury suit against Reproductive Services, Inc., and settled and released his claims against that defendant.

Accordingly, we overrule appellant's motion for rehearing.