**BAPTIST MEMORIAL HOSPITAL SYSTEM, Appellant,**

v.

**Sam C. BASHARA, Appellee.**

**No. 04–82–00354–CV.**

Court of Appeals of Texas,
San Antonio.

May 16, 1984.

Rehearing Denied May 31, 1984.

Writ of Error Granted Oct. 3, 1984.

Herbert W. Hill, San Antonio, for appellant.

Sam C. Bashara, pro se.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment awarding attorney's fees.

Briefly, the background facts are as follows. Jody Maxwell Tombs (Tombs) was involved in a collision with appellee, Kelly F. Axtell (Axtell). Axtell sued Tombs for injuries received in the collision. Appellee Sam C. Bashara (Bashara), an attorney, represented Axtell under a contingency contract of employment in Axtell's personal injury suit against Tombs. While this suit was pending and before settlement was reached, all parties knew that appellant Baptist Memorial Hospital System (Baptist) filed a hospital lien for charges incurred by Axtell at Baptist for treatment of his injuries received in the collision. Through Bashara's efforts, Axtell settled with Tombs' automobile liability insurance carrier, Texas Farmers Insurance Company (Farmers). Farmers issued two drafts in payment of the total amount of the settlement. One draft was for $34,789.55 payable to Axtell and Bashara; the other draft was for $15,210.45 payable to Axtell, Bashara and Baptist. A dispute arose as to the distribution of the proceeds of the latter draft because Bashara was claiming a share thereof as his attorney's fees, which claim Baptist refused to recognize. A lawsuit, subject of this appeal, was filed to resolve this dispute.

Baptist sued Farmers to recover its hospital lien and for its attorney's fees. Axtell and Bashara intervened, seeking a reduction of Baptist's lien from $15,210.45 to $2,500.00 and for judgment against Baptist for the remaining $12,610.45 and for judgment for one-third (⅓) of the gross recovery by Baptist as Bashara's attorney's fees. Farmers answered both petitions and also filed a bill of interpleader, deposited the $15,210.45 draft in the registry of the court, requested that the court determine the rightful owner of the proceeds, and asked for its attorney's fees. In a bench trial the court entered judgment in favor of Bashara against Baptist for $3,854.62 as his attorney's fees on the theory of quantum meruit and ordered that this sum be retired from the $15,210.45 proceeds interpled by Farmers; the court further ordered that the interpled draft be endorsed by all payees thereon and thereafter be deposited for collection by the clerk of the court and that upon collection the clerk pay out the following amounts: $2,885.00 to Axtell and his wife; $750.00 to W. Burl Brock as his attorney's fees for filing the interpleader; $3,854.62 to Bashara as his attorney's fees for recovering the hospital charges; and $7,720.83 to Baptist. Baptist filed a motion for new trial which was overruled by the court. Baptist gave notice of appeal and in compliance with TEX.R.CIV.P. 353, gave

notice of appeal limiting its appeal to only that portion of the judgment rendered against it for Bashara's attorney's fees. The trial court filed findings of fact and conclusions of law.

We will address the points of error, reply points and cross-points of the parties under the following categories.

### ESTOPPEL BY JUDGMENT

It is undisputed that Baptist accepted $7,720.23 from the clerk of the court as its share of the distribution ordered by the judgment. Bashara contends in his reply point that when Baptist cashed the $7,720.83 check distributed to it by the clerk of the court, this was an acceptance by Baptist of the judgment which amounted to a waiver of the right of review. The general rule relied upon by Bashara is laid down in *Matlow v. Cox*, 25 Tex. 578 (1860) and *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950) as follows:

A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom.... The rule is based on the principle of estoppel.

*Carle*, 149 Tex. at 472, 234 S.W.2d at 1004.

Baptist contends that it accepted a benefit under the judgment which could not be adversely affected by its appeal and therefore did not waive its right of appeal. We agree with Baptist.

Generally, if a litigant voluntarily accepts benefits of a judgment he is estopped from later prosecuting an appeal therefrom. *Matlow*, 25 Tex. at 580–81. However, this rule is subject to that exception that where a reversal of a judgment cannot possibly affect a litigant's right to the benefit secured under the judgment an appeal may be taken. *Caranas v. Jones*, 437 S.W.2d 905 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.). In the instant case, the only portion of the judgment before us is the question of Bashara's attorney's fees. Applying the aforementioned rules, we conclude a reversal in no way can affect Bap-

tist's right to the $7,720.23 accepted by it. To the contrary, the only result of a reversal would be that Baptist would have a right to a sum of money in addition to the $7,720.23 already received by it.

### JURISDICTION

In his reply point number one Bashara contends that the trial court erred in awarding Baptist $12,325.45 because there is no evidence to support such an award. Baptist contends that this Court lacks jurisdiction to consider this point and in support of its contention argues that its appeal was limited only to Bashara's attorney's fees; that Bashara did not give notice of appeal, nor did he file any appeal bond to any part of the judgment. We agree with Baptist's contention and hold that we do not have jurisdiction to consider this portion of the judgment.

It is undisputed that Baptist complied with the provisions of Rule 353 when it filed its notice of limited appeal. The record is void of any claim by Bashara, either at trial or before this Court, that the award of attorney's fees is not a severable portion of the judgment. The purpose of Rule 353 notice requirements is to insure that appellee will have notice of appellant's intention to limit the scope of his appeal so that appellant may perfect his appeal on any severable portion of the judgment with which he is dissatisfied. *Johnson v. Downing & Wooten Construction Co.*, 480 S.W.2d 254, 256 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). If, as in this appeal, an appellant has appealed from a portion of a severable judgment appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by appellant. *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 371, 185 S.W.2d 427, 430 (1945); *Barnsdall Oil Co. v. Hubbard*, 130 Tex. 476, 483, 109 S.W.2d 960, 964 (1937). Bashara not having perfected an appeal on that portion of the judgment with which he was dissatisfied, i.e., the $12,325.45 award to Baptist, cannot now be heard to complain about it on appeal. *Cf.*

*Great Eastern Life Insurance Co. v. Jones*, 526 S.W.2d 268 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

## REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ In its points of error five, six and eight through twelve, Baptist contends that the trial court erred in failing to make two requested conclusions of law and five requested findings of fact. We conclude that Baptist's requested additional findings of fact and conclusions of law are adequately covered by the court's findings and conclusions, they are contrary to such findings, and they were not material and necessary. A trial court may properly refuse requested additional findings of fact an conclusions of law where they are either already adequately covered by the court's findings and conclusions, or were contrary to such findings, or were not material and necessary. *Caranas v. Jones*, 437 S.W.2d 905, 910 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.). Accordingly, the trial court did not err in refusing same.

## ATTORNEY'S FEES

Baptist contends that the trial court erred in deducting Bashara's attorney's fees from the portion of the judgment awarded to it for its hospital lien charges against Farmers. Baptist argues in support of its contention that there is a conflict of interest between Axtell and Baptist precluding Axtell's attorney, i.e., Bashara, from charging both Axtell and Baptist for the services rendered. Bashara admits in his brief that:

> [A]fter the monies were collected and the unliquidated claim reduced to liquidated form, the hospital and Mr. Axtell became antagonistic to each other. However, at no time after the interests of the parties became antagonistic did Bashara purport to represent the Baptist Memorial Hospital System or claim a fee therefrom. His entire claim is premised upon the proposition that he caused to be reduced to money the therefore unliquidated lien of

the hospital. Accordingly, there was no conflict between the parties....

Bashara argues that the circumstances pending in this appeal are markedly similar to the situation sanctioned by statute under the Workers' Compensation Statute, TEX. REV.CIV.STAT.ANN. art. 8307, § 6a, (Vernon Supp.1984), wherein the trial court is authorized to charge an insurer's portion of a damage award against a third-party with attorney's fees. We cannot agree with Bashara's contention that the central issue presented by this appeal is whether, under the theory of quantum meruit, an attorney is entitled to an award for attorney's fees against a hospital that has previously filed a hospital lien, when through the attorney's efforts a settlement, which includes the hospital's charges, is reached between his client and the automobile insurer and carrier of the other driver. Bashara's pleadings and his failure to challenge the finding of fact by the court that "in determining a reasonable fee for the necessary legal services rendered by Sam C. Bashara for the benefit of the Baptist Memorial Hospital System, *only the amount actually recovered, to-wit: $12,325.45, should be considered ...*" (emphasis ours), leads us to the conclusion that Bashara's suit for his attorney's fees was not based on the gross originally "recovered" for Baptist. After seeking to reduce the amount of Baptist's hospital lien from $15,210.45 to $2,500.00, Axtell and Bashara's plea in intervention continues as follows:

### IV.

A reasonable fee for the necessary legal services rendered in connection with the collection of any monies for the Plaintiff would be one-third (⅓) of the amount collected. The Intervenor, SAM C. BASHARA, prays judgment of one-third (⅓) of the gross amount of such recovery to be awarded to him from any proceeds recovered for the HOSPITAL.

WHEREFORE, PREMISES CONSIDERED, Intervenors pray that upon final hearing, the lien be reduced in accordance with the allegations contained hereinabove; that from the proceeds paid

to the hospital, Intervenor, SAM C. BASHARA, be awarded one-third (⅓) of the gross recovery; that Intervenor, KELLY F. AXTELL, be awarded $12,-710.45 representing the difference between the lien amount and that to which the Plaintiff is actually entitled; for their costs of court, and such other and further relief to which they may show themselves justly entitled.

We hold that there is a conflict between the interests of Axtell and Baptist which precludes Bashara from charging both Axtell and Baptist for services rendered. A lawyer is precluded from accepting or continuing employment when asked to represent two or more clients who may have differing interests whether such interests be conflicting, inconsistent, diverse, or otherwise discordant. *Lott v. Ayres*, 611 S.W.2d 473, 476 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, § 8 (Code of Professional Responsibility) DR 5–105 (1973); STATE BAR OF TEXAS, ETHICAL CONSIDERATIONS ON CODE OF PROFESSIONAL RESPONSIBILITY EC 5–14 (1973). The court erred as a matter of law in charging the amount received by Baptist with Bashara's attorney's fees.

Accordingly, the judgment of the trial court is reversed and judgment is rendered that Bashara's claim for attorney's fees be denied.

REEVES, J., concurs in result.