R. David Freeze, Smith, Stroud, McClerkin, Dunn & Nutter, Texarkana, Ark., for petitioner.

James R. Hubbard, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, Tex., for respondent.

**ARKLA ENERGY RESOURCES, A DIVISION OF ARKLA, INC., Relator,**

v.

**Honorable Guy E. JONES, Respondent.**

No. 9690.

Court of Appeals of Texas, Texarkana.

Dec. 6, 1988.

CORNELIUS, Chief Justice.

Arkla Energy Resources (Arkla) seeks a writ of mandamus directing the Honorable Guy Jones, Judge of the 202nd District Court, to disqualify the law firm of Hubbard, Patton, Peek, Haltom & Roberts (HPPHR) from representing landowners in condemnation actions. Arkla moved for an order of disqualification in the district court. A hearing was conducted, after which Judge Jones denied the motion.

Arkla filed the condemnation proceedings in 1985 seeking to condemn pipeline

easements over land generally described as the Hubbard, Holder and Lashford tracts. After special commissioners made damage awards, the landowners appealed to the 202nd District Court, and the cases are now pending in that court. The HPPHR law firm represents the landowners in each action. In March of 1988, Arkla moved to disqualify HPPHR on the ground that a conflict of interest existed because it had previously represented Arkla in three lawsuits. *See* State Bar of Texas, Rules and Code of Professional Responsibility Canons 4, 5 and 9 (1987). The suits were Theodore G. Boone v. Arkansas–Louisiana Gas Company, filed in December of 1980 and dismissed for want of prosecution in March of 1983; Alford E. Brown v. Arkla, Inc., filed in December of 1982, settled and dismissed in 1984; and Continental Insurance Company v. Billy Wayne Hensley, a workers' compensation suit now pending, where HPPHR represents Arkla's insurance carrier.

■ Disqualification of an attorney is a harsh remedy. It should only be applied judiciously and with caution because it can be used as an instrument of harassment. *Freeman·v. Chicago Musical Instrument Co.*, 689 F.2d 715 (7th Cir.1982). Consequently, a party seeking to disqualify an attorney because of a prior relationship must show a prior attorney-client relationship, and must clearly establish that the matters involved in the pending suit are substantially related to the matters involved in the former representation. *P & M Electric Company v. Godard*, 478 S.W. 2d 79 (Tex.1972); *Kraft, Inc. v. Alton Box Board Co.*, 659 F.2d 1341 (5th Cir.1981); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020 (5th Cir.1981); *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir.1979); *Gleason v. Coman*, 693 S.W.2d 564 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Lott v. Ayres*, 611 S.W.2d 473 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Howard Hughes Medical Institute v. Lummis*, 596 S.W.2d 171 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Once these elements are established, it is presumed that confidential information was given by the client to the attorney, and that

the attorney shared that information with his partners. *Kraft, Inc. v. Alton Box Board Co., supra.*

There is no settled definition of either "substantially related" or "matters involved." It is clear, however, that a superficial resemblance between issues is not enough to constitute a substantial relationship, and that facts which are community knowledge or which are not material to a determination of the issues litigated do not constitute "matters involved" within the meaning of the rule. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, supra; Church of Scientology of California v. McLean*, 615 F.2d 691 (5th Cir.1980).

The case of Boone v. Arkansas–Louisiana Gas Company was a negligence case where the survivors of two small children sued for damages after the children had been killed in a house fire. The plaintiffs alleged that the fire was caused by a gas leak in a heater in the house. Brown v. Arkla, Inc. was also a negligence case. The plaintiff was working with a construction crew bleeding gas off a line in a private building so they could install a new hot water heater. One of the crew lit a cigarette lighter, and gas exploded. The plaintiff alleged that Arkla was responsible because it negligently failed to odorize the gas. Continental Insurance Company v. Hensley is a workers' compensation case involving a back injury Hensley received while welding pipe for Arkla.

The condemnation cases involve the taking of easements across land for installing a large, high pressure, cross-country gas pipeline.

We note that there is no conceivable relation between the issues in the workers' compensation case and the condemnation suits. Arkla contends, however, that there is a substantial relationship between the matters involved in the condemnation cases and the negligence cases, because the landowners are seeking to use evidence about the possibility of gas pipelines exploding as an element of damage to the market value of the remainder of their land, and the negligence cases also involved gas fires

and/or explosions. It bases its position mainly on the fact that, both in the tort cases and in the condemnation cases, interrogatories and other discovery procedures have sought evidence about explosions, fires and gas leaks involving pipelines and distribution lines generally, and especially those belonging to Arkla.

From our review of the record, we find that if there is any relation between the matters actually involved in the negligence cases and the condemnation cases, it is minimal. The negligence cases involved the asserted negligence of Arkla with respect to a specific product or instrumentality which injured third parties. On the other hand, the condemnation cases involve generalized, unrelated explosions and other accidents commonly known by the public which operate psychologically to adversely affect the market value of land near high pressure gas pipelines. Indeed, in referring to such evidence's relevance, the landowners' attorney stated, "I am offering it for the psychological impact upon the public, as their apprehension of buying land near one of them...." Evidence of such extraneous occurrences was not even admissible—certainly not involved—in the negligence cases. Moreover, reports of those occurrences are generally public information available to anyone interested in them.

Mandamus is an extraordinary remedy. It will not be issued to control a judicial officer's duty except when the duty is purely ministerial or the officer, in acting or failing to act, is committing a clear abuse of discretion. *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593 (Tex.1975); *Gleason v. Coman, supra; National Western Life Ins. Co. v. Jones*, 670 S.W.2d 752 (Tex.App.—Austin 1984, no writ). Arkla has not demonstrated that Judge Jones has clearly abused his discretion in refusing to disqualify the law firm in this instance.

The petition for mandamus is denied.