**John R. BIGHAM, Relator,**

v.

**Vada SUTTON, Bell County Democratic Chairwoman, et al., Respondents.**

**No. 12814.**

Court of Civil Appeals of Texas, Austin.

April 12, 1978.

John R. Bigham, Bigham, Cain & Mahler, Belton, for relator.

Stanton B. Pemberton, Bob Burleson, Bowmer, Courtney, Burleson & Pemberton, Temple, for respondents.

PER CURIAM.

John R. Bigham, Relator in this original proceeding, as a citizen of Bell County and a candidate for re-election to the office of State Representative for the 44th Legislative District, filed in this Court motion for leave to file petition for mandamus to compel Vada Sutton, chairman, and the Bell County Democratic Executive Committee, to omit from the official ballot for the general primary the name of William A. Messer, III, who also has filed for the office to which Relator seeks re-election.

This Court granted Relator's motion to file his petition, and the parties were heard in oral argument on April 6, 1978.

Relator contends that Messer is ineligible to the Legislature under Article III, section 19, of the Constitution of Texas, which provides:

"No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

It appears that the charter of the City of Belton empowers the city council to appoint a City Judge to preside over the corporation court ". . . to serve for a term of one year," and Relator contends that Messer, while serving as City Judge in a term to expire on March 9, 1978, was in January of this year ". . . reappointed City Judge for a one year term upon expiration of present term of office," which new term would not terminate until March of 1979. Relator contends that Messer, after expiration of the 1977–78 term on March 9, held court and transacted business as City Judge at the scheduled session of court on March 15.

Courts of civil appeals have jurisdiction and authority to issue writs of mandamus against officers of a political party to compel performance in accordance with law in holding any election. Art. 1735a, V.A.C.S., as amended effective August 28, 1967. The Texas Election Code forbids the placing upon the ballot of any primary, special, or general election the name of an ineligible candidate. Art. 1.05, subd. 4, as amended effective September 1, 1975.

The record in this proceeding consists of pleadings filed by the parties, together with affidavits and certificates attached in support of allegations contained in the pleadings. Questions of fact appear to be in dispute which are not resolved by official records now before this Court. The pleadings suggest, but do not establish, that Messer declined to accept the appointment as City Judge for a new term beginning March 9, 1978, and that Messer has not qualified for the new term by taking the oath of office. The uncontroverted fact that Messer presided as City Judge on March 15, 1978, fails to establish acceptance and qualification, but merely invokes conjecture as to whether Messer was qualified to sit as City Judge, or was acting in discharge of a constitutional duty to serve beyond an expired term until a successor should be duly qualified. Art. XVI, sec. 17, Constitution of Texas.

Under the facts now before this Court the right of Relator to prevent Messer's name from being placed on the ballot is doubtful, and that doubt may not be resolved by an appellate court passing upon the weight and credibility of opposite statements. *Cobra Oil & Gas Corporation v.*

*Sadler,* 447 S.W.2d 887, 895 (Tex.Sup.1968). The question for determination, in deciding whether writ of mandamus should issue, is whether the right of Relator is so free from doubt, and the duty of the political party officers so clear and free from any substantial question, that an order should issue to compel performance. *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939). It is well established that mandamus will lie when the duty to act is clear and there are no disputed facts. *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593, 602 (Tex.Sup. 1975); *Employees Retirement System v. McDonald,* 551 S.W.2d 534, 535 (Tex.Civ. App. Austin 1977, writ ref'd). It is not the function of mandamus to establish, as well as enforce, a claim of uncertain merit, for if the right be doubtful, it must be established first in some other form of action. *Wortham v. Walker, supra.*

Petition for writ of mandamus is denied.