**A. L. BUSBY, Relator,**

v.

**Eddy RABE, Respondent.**

**No. 12–82–0118–CV.**

Court of Appeals of Texas, Tyler.

Aug. 12, 1982.

---

**236**

Lawrence A. Powers, Sulphur Springs, for relator.

Curtis Owen, Tyler, for respondent.

1. Unless otherwise indicated, all statutory citations are to the Texas Election Code, Tex. Rev.

ORIGINAL PROCEEDING

PER CURIAM.

Relator A. L. Busby (Relator or Busby), the Democratic Party nominee for Rains County Judge, filed a motion for leave to file a petition for a writ of mandamus to compel the Rains County Clerk, Respondent Eddy Rabe (Respondent or Rabe), to not place the name of Elmer Sparks (Sparks) on the general election ballot as an independent candidate for the office of County Judge of Rains County. We overrule the motion for leave to file the writ of mandamus petition.

Relator contends that Sparks is ineligible to be on the ballot as an independent candidate because Sparks' application for a place on the ballot does not contain the number of valid signatures mandated by art. 13.50 of the Texas Election Code, Tex. Rev. Civ. Stat. Ann. (Vernon Supp. 1981)[1].

Subdivision 3 of art. 13.50 provides that the name of an independent candidate for county office may be printed on the official ballot if the application is signed by qualified voters totalling five percent of the entire vote cast for governor in that county at the last preceding gubernatorial general election.

"[N]o person who has voted at either the general primary election or the run-off primary election of any party shall sign an application in favor of anyone for an office for which a nomination was made at either such primary election." Subdivision 4, art. 13.50. In the case at bar, Relator was nominated for Rains County Judge in the Democratic primary election. Hence, anyone who voted in the Democratic Party's general or run-off primary election was not qualified to sign Sparks' application for an independent candidate's place on the ballot.

The term "qualified voter" is also defined by art. 1.01a(46) as a person who meets all the qualifications and requirements for voting as prescribed by art. 5.02. Art. 5.02

Civ. Stat. Ann. (Vernon Supp. 1981).

provides the qualifications and requirements for voting. One requirement is compliance with the Election Code's registration provisions. Subdivision 4 of art. 5.13a states that a registration is effective on the later of the thirtieth day after the date the registrar receives the registration application or the day the registrant obtains his eighteenth birthday.

It appears that the entire vote cast in Rains County at the last preceding gubernatorial general election was 984 votes. Five percent of 984 is 49.2. Thus, Sparks' application must contain 50 signatures of qualified voters to entitle his name to be placed on the ballot for Rains County Judge.

Sparks' application for an independent candidate's place on the general election ballot was delivered to Loyd McKinney, the current County Judge of Rains County. Since fifty-six people had signed the application, and the application apparently complied with art. 13.51[2] in all respects, the County Judge directed Respondent to place Sparks' name on the general election ballot.

Relator contends that ten of the signatures on Sparks' application are invalid as a matter of law, and he has attached affidavits, made by competent affiants, that each of these individuals was not qualified to sign Sparks' application for one or more of the following reasons: (1) each voted in a Democratic Party primary; (2) each was not a registered voter of Rains County; (3) each was not a qualified voter of Rains County on the date they signed the application;[3] and/or (4) each neither personally signed nor authorized anyone to sign the application.

However, Sparks' application bearing the signatures of these ten individuals contains the following language:

I know the contents of this application; I have not participated in the general primary election or the run-off election of any party which has nominated, at either such election, a candidate for the office for which I desire Elmer Sparks . . . to be a candidate; I am a qualified voter at the next general election under the Constitution and laws in force and am signing this application of my own free will.

■ As earlier pointed out, Sparks' application was sworn to in the prescribed manner. Thus, it is prima facie evidence that the signatures thereon are genuine and the persons signing are registered voters. Note 2, *supra*. Hence, we are confronted with conflicting sworn statements.

■ In deciding whether a writ of mandamus should issue, the question to determine is whether the right of relator is so free from doubt that we should issue an order compelling performance. Mandamus may not be used to establish or enforce a claim of uncertain merit, or where the facts are disputed. *Bigham v. Sutton*, 565 S.W.2d 561, 563 (Tex. Civ. App.—Austin 1978, no writ).

■ In *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887 (Tex. 1969) (on motion for rehearing), the supreme court was confronted with conflicting sworn statements. The court denied the petition for mandamus and held, "To grant a writ [of mandamus] on such a record would require this court to pass upon the weight and credibility of these opposite statements." *Id.* at 895. The same is true in the case at bar.

We therefore overrule the motion for leave to file the petition for a writ of mandamus.

---

**2.** The affidavit at the bottom of each page of the application contained the required statutory language, and was signed and notarized. Art. 13.51 states, in part, "An application so verified is prima facie evidence that the signatures thereon are genuine and the persons signing it are registered voters."

**3.** *But see* art. 13.51.