**KNOX et al. v. LONG et al.**

No. 6486.

Court of Civil Appeals of Texas.
Texarkana.

Jan. 26, 1950.

Rehearing Denied Feb. 16, 1950.

W. C. Holcombe, Longview, Edwin M. Fulton, Gilmer, W. C. Hancock, Pittsburg, for appellants.

H. M. Harrington, Jr., Longview, Angus G. Wynne, Longview, for appellees.

WILLIAMS, Justice.

In Cause No. 20688-B now pending on the trial docket of the District Court of Gregg County, Betty Knox Long, individually and as administratrix of the estate of her father, W. C. Knox, deceased, joined by her husband, are plaintiffs and Harryett H. Knox, the surviving widow of W. C. Knox, and W. Clifford Holcomb, Joe B. Holcomb and Mrs. G. E. Williams, the three children of Harryett H. Knox by a former marriage, are the principal defendants. In above suit it is asserted that the various tracts of oil producing properties and an expensive residence all fully described in the pleadings, and valued therein above one-half million dollars, were all acquired during the marriage of W. C. Knox and Harryett H. Knox. At the time of the death of W. C. Knox, the record title to the various properties stood in the name of his surviving widow and her children by her former marriage. It is alleged in the petition that the title to the various properties were so placed in the defendants in trust for the benefit of the community; that as a result of the alleged various manipulations practiced by defendants, the apparent record title then rested in the defendants. Mrs. Betty Knox Long, the asserted only child and sole heir of W. C. Knox, seeks in above suit to have said properties adjudicated the community estate of her father and his surviving wife, Harryett H. Knox. H. M. Harrington, Jr., Angus G. Wynne and Philip Brin, as attorneys at law, filed and are prosecuting above suit in behalf of plaintiffs.

Some months after above suit had been filed, Harryett H. Knox, W. Clifford Holcomb, Joe B. Holcomb and Mrs. G. E. Williams and her husband filed a motion in above numbered cause for the court to disqualify the law firms of Wynne & Wynne and Harrington & Harrington from their further representations as attorneys for plaintiffs in the suit. A hearing was had and from the extensive evidence then introduced the trial court concluded, as recited in the decree, that neither Angus G. Wynne nor his law firm of Wynne & Wynne, nor H. M. Harrington, Jr., nor his law firm of Harrington & Harrington were in any manner disqualified to represent the plaintiffs in the prosecution of above numbered cause. To this order, movants excepted, gave notice of appeal, and filed a supersedeas bond.

In the two points presented, appellants assert that these lawyers were disqualified as a matter of law to represent plaintiffs here. In view of the dismissal of this appeal for the reasons later herein stated we pretermit a discussion of the motion or its merits other than to mention that the evidence dealt with extensive pleadings and intricate questions involved in former litigation and in which these attorneys had appeared as counsel for appellants.

Appellees, in their motion to dismiss for want of jurisdiction, assert this order appealed from is not a final judgment within the meaning of Art. 2249, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 2249, and is not an interlocutory order from which an appeal may be predicated under Art. 2250, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 2250, or under other rules of law. The decree here involved does not come within the meaning of any order mentioned in Art. 2250, supra, and this appellants so recognize. We find no statutory authority in Texas, and are cited to none which authorizes an appeal from the order unless it falls within the legal classification of a final judgment as distinguished from an interlocutory order, so as to be embraced within the provisions of Art. 2249, supra, which reads: "An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

This order in nowise attempts to adjudicate the title to any property embraced in the pleadings in cause No. 20688-B. No issue to any claim or rights of any litigant to any of the property embraced in the suit was raised in this motion to disqualify.

The issue therein raised and adjudicated was distinct from the general subject of the controversy which still is pending in the trial court. This order adjudicated a controversy between movants and these attorneys. The subject matter therein disposed of constituted no more than a mere preliminary order entered prior and preparatory to the trial of the suit on its merits, and comparable to some extent to the disposition preliminary to trial of a motion to consolidate; to deny a trial by jury or to disqualify the trial judge or jury panel. Above observations do not support the contention of appellants that the controversy disposed of in the motion was a final judgment within the meaning of that term as used in Art. 2249, supra. It is our conclusion that the same is an interlocutory order, subject to a review by an appellate court only in the event of an appeal from a judgment after trial of the suit on its merits. Tex.Jur. (Appeal and Error), Secs. 61, 62, 68.

In Brauer Machinery and Supply Co. v. Parkhill Truck Co., 383 Ill. 569, 50 N.E.2d 836, 841, 148 A.L.R. 1208, cited by appellant, the preliminary order which quashed the citation upon the defendant turned upon the conclusion of the appellate court that such order "was a final determination of the suit". The entry of a "non-suit" in West v. Bagby, 12 Tex. 34, 62 Am.Dec. 512, likewise disposed of that suit that had been filed. See Tex.Jur. (Appeal and Error) Sec. 70. We need not determine if the matter raised in the motion to disqualify was a severable matter as discussed in Moran v. Midland Farms Co., Tex.Civ.App., 282 S.W. 608. We need not discuss the right of an appeal from an order which granted or denied injunctive relief. Neither is involved under this record. Here, a motion in the suit was presented and considered.

For the reasons stated, the motion to dismiss this appeal is granted, and the appeal will be dismissed.