**Gustav M. BRAUN, Appellant,**

v.

**VALLEY EAR, NOSE & THROAT SPECIALISTS et al, Appellees.**

No. 1815.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 18, 1980.

---

E. R. Fleuriet, Wiley, Hale & Fleuriet, Harlingen, for appellant.

Rollins M. Koppel, Jack Skaggs, Jeffrey L. Jackson, Koppel, Ezell & Jackson, Harlingen, for appellees.

## OPINION

YOUNG, Justice.

This appeal of an interlocutory order overruling an application for temporary injunction to restrain (and a motion to disqualify) an attorney from representing a party to a suit presents the issue of whether a substantial relationship exists between the subject matter of the prior representation and that of the pending lawsuit. The trial court overruled the motion to disqualify and application for temporary injunction. Braun appeals. We affirm.

Valley Ear, Nose & Throat Specialists, P. A., appellee, is a professional association of doctors who made an offer to Gustav Braun, appellant, for association with their group. Braun, who recently moved to the valley from California, accepted the offer and began his association. In November of 1979, Braun met with Rollins M. Koppel and Jeffrey L. Jackson, attorneys who were referred to Braun by his associates, to discuss legal problems he had encountered.

The subject matter of this conference with Koppel, Jackson, and Braun is disputed by the parties. Koppel and Jackson assert that in effect the only matter discussed was the enforceability in Texas of a California alimony decree by contempt. Braun, however, alleges that the conversation not only involved the prior alimony decree but also his current marital and financial problems. He further alleges that certain confidences were exchanged during this attorney-client relationship. The representation ended after this one meeting.

Sometime in early February, the association requested that Koppel represent it in a suit against Braun for breach of an employment contract. The association, with Koppel as its counsel, brought suit on May 27, 1980, against Braun. On September 5, 1980, almost four months later, Braun brought his motion to disqualify Koppel, alleging a conflict of interest because of the prior representation. This motion to disqualify was later amended to include an application for temporary injunction restraining Koppel and his law firm from representing the association. After a hearing on the motion, the application for temporary injunction and the motion to disqualify were overruled by the trial court.

Appellant Braun asserts as error by the trial court the court's failure to disqualify the attorneys because of a conflict of inter-

est. This conflict of interest was allegedly created when the attorneys represented the appellee in matters substantially related to those discussed in the former relationship between the attorneys and Braun. Inherent in this assertion is the apparent violation of certain Canons of the State Bar Rules: Canon 4, "A Lawyer Should Preserve the Confidences and Secrets of a Client"; Canon 5, "A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client"; and Canon 9, "A Lawyer Should Avoid Even the Appearance of Professional Impropriety." Tex.Rev.Civ. Stat.Ann., State Bar Rules, art. 12, § 8 (1980). These canons are the guidelines by which an evaluation of the performance of the attorneys in this case can be judged.

■ This review of an order refusing to grant a temporary injunction to disqualify the appellee's attorney is limited to the question of whether the trial court clearly abused its discretion in so doing. *Davis v. Huey,* 571 S.W.2d 859 (Tex.Sup.1978); *Home Savings Association v. Ramirez,* 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Furthermore, the trial court judgment will be affirmed on any legal theory supported by the evidence in the absence of findings of fact and conclusions of law. *Altamirano v. Altamirano,* 591 S.W.2d 336 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Cochran v. Cochran,* 333 S.W.2d 635 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.).

This requirement that a clear showing of abuse of the discretionary powers of the trial court is even more imperative in cases such as this one involving the disqualification of attorneys on account of prior representation. The trial court has been assigned this task to examine firsthand any alleged conflict or breach of the confidentiality of the attorney-client relationship. It is within the province of the trial court to evaluate the evidence and enter its judgment accordingly. *City of Cleveland v. Cleveland Electric Illuminating Co.,* 440 F.Supp. 193 (N.D.Ohio, 1976), aff'd., 573 F.2d 1310 (6th Cir. 1977), cert. denied, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978).

■ After a thorough review of the record of this appeal, we find no abuse of discretion. The record clearly shows that no substantial relationship exists between the subject matter of the prior relationship between the attorneys and the appellant and the subject matter of the pending lawsuit. See *Lott v. Lott,* 605 S.W.2d 665 (Tex.Civ.App.—Dallas 1980, no writ); *Howard Hughes Medical Institute v. Lummis,* 596 S.W.2d 171 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The relationship is not "patently clear," nor is it even similar in nature. *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,* 518 F.2d 751 (2nd Cir. 1975).

■ It is equally clear from the record of this case that the attorney-client relationship between Mssrs. Koppel and Jackson and Dr. Braun dealt primarily with the enforceability of a California divorce decree in Texas. There is no evidence that Dr. Braun's financial status was examined, nor was there any conversation concerning any alleged employment problems with appellee during the one and one-half hour conversation. The "time slips" filed by Koppel and Jackson recited "research of Texas law on enforcement of California alimony decree . . . ." Papers given by Braun to the attorneys during their conference related only to the California divorce decree. We find no substantial relation between the matters relating to the California divorce decree and the present action for breach of an employment contract.

■ While one might assert that the relationship has an appearance of impropriety, attorneys are automatically disqualified. *Lott v. Lott,* supra, at 668. Canon 9 requiring that a lawyer should avoid even the appearance of professional impropriety should be applied with the greatest discretion. To evaluate the "appearance of professional impropriety" requires a subjective test best left to the trial courts in their broad discretion.

In concurring with the trial court that the subject matter of the attorney-client relationship did not concern substantially

related matters, it will not be presumed by us that confidences were disclosed so as to preclude any delving into the nature of the relationship between the attorneys of appellee and the appellant. Note, "Motion to Disqualify Counsel Representing an Interest Adverse to a Former Client," 57 Texas L.Rev. 726 (1979). The trial court must be able to examine the subject matter of the prior representation without being barred by the attorney-client privilege so that the substantial relationship test can be applied. All of appellant's points of error are overruled.

The judgment of the trial court is affirmed.