Mike DILLARD, Appellant,

v.

Randy BERRYMAN, Appellee.

No. 2–84–116–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 17, 1984.

---

Neal & McBeath, P.C., and Paul Scott, Vernon, for appellant.

Fillmore & Associates and H. Dustin Fillmore, Fort Worth, for appellee.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

Mike Dillard brings this interlocutory appeal from the denial of a temporary injunction which would effectively prevent H. Dustin Fillmore and the law firm of Fillmore & Associates, P.C. from acting as counsel for Randy Berryman, the appellee, in defending a civil assault case brought by Dillard. Dillard sought the injunction and the removal of Fillmore and the firm from acting as counsel for Berryman because Harold White, who is presently an associate with the law firm, was district attorney at the time when Dillard sought criminal prosecution for the assault, and Dillard had discussed the matter with White in his capacity as district attorney. The trial court denied the motion for removal of counsel and denied the injunction.

We reverse and remand because we find that the trial court abused its discretion in not granting the injunction, because the continued representation of Berryman by the firm of Fillmore & Associates under these circumstances would be inconsistent with the Canons of Ethics.

In his only point of error, Dillard complains of the failure of the trial court to enjoin H. Dustin Fillmore, Fillmore & Associates, P.C. and their agents, servants, and employees from directly or indirectly divulging any matters pertinent to the case in chief, oral or written in nature, to any party or parties that were not currently involved in the case at the time the hearing for injunction was held.

■ Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975).

■ At a hearing upon the request for a temporary injunction, the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Davis*, 571 S.W.2d at 862; *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217, 219 (1956). On appeal the reviewing court is limited in its consideration as to whether the trial court abused its discretion in making the foregoing determination. The appellate court may not substitute its judgment for that of the trial court. *Davis*, 571 S.W.2d at 862; *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460, 463 (1952). The merits of the underlying case are not presented for appellate review. *Davis*, 571 S.W.2d at 861.

■ We find that H. Dustin Fillmore and the law firm of Fillmore & Associates, P.C. are precluded from representing Berryman in the civil assault case because Harold White, who is now associated with the firm,

received the criminal complaint of the assault as district attorney. *See* SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, sec. 8 (Code of Professional Responsibility) Canon 9 (1971); State Bar of Texas, Comm. on Interpretation of the Code of Professional Responsibility, reprinted in 18 BAYLOR L.REV. 183, op. 100 at 236, op. 116 at 241, op. 143 at 255, op. 243 at 322 (1966). There is no question that Harold White would be precluded from representing Berryman in this case. The only issue is whether Fillmore and his firm are precluded from representing him because of White's association with the firm. The opinions cited make clear that the prohibitions of Canon 9 which apply to an individual attorney also apply to the members of his law firm.

■ Berryman asserts that White has passed no significant information on to Fillmore or the other members of the firm so that there is no real conflict. The opinions which we have cited show that it is the relationship of the attorneys to the parties and to each other that controls, not whether they have actually engaged in conduct which would create a conflict. The purpose of Canon 9 is to avoid even the appearance of impropriety. None of the cases cited by the appellee would allow a firm to represent a defendant in a civil matter when an associate or member of the firm has represented the State in a criminal matter arising out of the same facts.

■ We find that the trial court abused its discretion in not enjoining H. Dustin Fillmore and the firm of Fillmore & Associates, P.C. from actions necessary to their continued representation of Berryman. We also find that the injunction as requested was too broad, in that in addition to preventing the passing of confidential information which might have been derived from the former district attorney, the injunction as requested would also prevent practical and necessary discussions with new counsel not related to the conflict problem.

The case is reversed and remanded to the trial court for the entry of an injunction consistent with this opinion.