Michael Neel GLEASON, Appellant,

v.

J. Michael COMAN, Appellee.

No. A14–84–660CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1985.

Rehearing Denied May 2, 1985.

Lee F. Burrows, Kenneth L. Box, Mullins & Box, Houston, for appellant.

J. Michael Coman, Pasadena, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Justice.

Michael Neel Gleason appeals from the dismissal by the trial court of both his application for a temporary injunction and his action for damages against an opposing attorney in the context of a divorce proceeding. Gleason brings seven points of error. We affirm in part and reverse and remand in part.

The facts in this case are as follows. Joan Louise Gleason (co-appellee) and Michael Neel Gleason (appellant) were married in 1963. In 1973 Joan Gleason filed suit for divorce (cause No. 936005). The action raised issues of child custody, child support, property division and temporary injunction against the husband. Appellant retained J. Michael Coman (co-appellee) as counsel by written contract. Michael Coman represented appellant from March 15, 1973 until September 12, 1973. The divorce action ended in reconciliation.

In March, 1979 a second divorce action was filed. A decree of divorce was entered February 5, 1980. Subsequent disputes arose on several issues, including child custody, child support, property division and injunction. In February, 1983, Joan Gleason retained J. Michael Coman as counsel in these matters (cause No. 79–10557–AC). All these actions concern the same marriage. Appellant's motion to disqualify Coman as attorney for appellee was dismissed. His appeal from this interlocutory action was dismissed by this court for lack of jurisdiction in Cause No. C14–84–224CV, dated April 12, 1984. Appellant then filed a separate action for a temporary injunction and damages against appellees in the trial court, and paid jury fees. (Cause No. 79–10557–B). At a non-jury hearing on the

temporary injunction appellant's suit was dismissed.

■ Point of error one attempts to re-argue the appeal of the motion to disqualify Coman. We have no statutory authority to review the trial court's interlocutory order overruling appellant's motion. In the absence of statutory authority, this court has no jurisdiction of the appeal. *Knox v. Long,* 228 S.W.2d 367 (Tex.Civ.App.—Texarkana 1950, writ ref'd). Appellant's first point of error is overruled.

Appellant's point of error two raises the issue of whether the refusal to enjoin the attorney was reversible error. To decide the issue we must first decide whether an injunction is an appropriate remedy where the trial judge abuses its discretion in refusing to disqualify an attorney for violations of the Texas Code of Professional Responsibility. We recognize that one Texas court has intimated, and another has held, that injunctive relief is available to disqualify opposing counsel in cases involving possible conflicts of interest. *See Braun v. Valley Ear, Nose & Throat Specialists,* 611 S.W.2d 470 (Tex.Civ.App.—Corpus Christi 1980, no writ) and *Dillard v. Berryman,* 683 S.W.2d 13 (Tex.App.—Fort Worth 1984, no writ). With all due respect for these two courts, we decline to follow their lead.

■ As set forth by this court in *Houck v. Kroger Co.,* 555 S.W.2d 803, 805 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.), an applicant for a temporary injunction must show a "probable right" and "probable injury." "It has also been said that there must be a finding of irreparable injury or an inadequate remedy at law." *Id.* Further, no reversal will be had of a denial of an application for temporary injunction unless the appellate court is convinced that the denial represents a clear abuse of discretion. *W. Brown Custom Builders, Inc. v. Continental Nat'l Bank of Fort Worth,* 634 S.W.2d 764, 766 (Tex.App.—Fort Worth 1982, writ dism'd).

■ We think that appellant has met his burden of showing a "probable right"

in this case. The attempt by the attorney to represent the wife in this case constitutes professional misconduct in violation of DR 4–101(B) of the Texas Code of Professional Responsibility, which states that a lawyer shall not knowingly reveal a confidence or secret of his client or use a confidence or secret of his client to the client's disadvantage. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, § 8 DR 4–101(B) (1973). An attorney's duty to preserve his client's confidence outlasts his employment. Thus a clear conflict of interest exists. *See* State Bar of Texas, Comm. on Interpretation of the Canons of Ethics, Op. 294 (1965). The representation also violates Canon 9 of the Code, which states that an attorney shall avoid even the appearance of impropriety. *See* RULES GOVERNING THE STATE BAR OF TEXAS Canon 9, EC 9–1 to EC 9–6 & DR 9–101 to DR 9–102; Note, *Motions to Disqualify Counsel Representing an Interest Adverse to a Former Client,* 57 TEXAS L.REV. 726, 728 (1979); *Cf. Braun v. Valley Ear, Nose & Throat Specialists,* 611 S.W.2d 470 (Tex.Civ.App.—Corpus Christi, no writ).

■ The rule under the "substantially related" test that is an attorney will be disqualified if a substantial relationship can be shown between the subject matter of a former representation by the attorney and a subsequent adverse representation. *Howard Hughes Medical Institute v. Lummis,* 596 S.W.2d 171, 174 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). A clear abuse of discretion is shown where the court refuses to disqualify an attorney although it is self-evident that the subject matters of the two representations are substantially related. *Kraft Inc. v. Alton Box Board,* 659 F.2d 1341, 1346 (5th Cir.1981). Here the two representations involve the same parties, the same marriage, and many of the same issues. Reasonable minds must agree they are substantially related. *Id; Cf. Lott v. Lott,* 605 S.W.2d 665 (Tex. Civ.App.—Dallas 1980, writ dism'd). We

conclude that appellant has shown a "probable right" to relief.

 We think, however, that appellant has not met the second requirement for an injunction, that of "probable injury" or "inadequate remedy at law." Where appeal is an inadequate remedy, an adequate remedy for clear abuses of discretion by the court already exists by way of mandamus. Injury can thus be prevented by appellant himself. *Maresca v. Marks*, 362 S.W.2d 299, 300-1 (Tex.1962). No new remedy in the form of an injunction need be created in this case. Point of error two is overruled.

Point of error three raises the question of whether it is error for the trial court to inquire into actual confidences exchanged between the client and attorney. The Fifth Circuit has adopted a presumption in adverse representation cases that confidences were exchanged between the attorney and the former client. *Kraft Inc. v. Alton Box Board*, 659 F.2d 1341, 1347 (5th Cir.1981). This presumption prevents the court from inquiring into the actual confidences exchanged. It further prevents the court from compelling the former client to prove the very things he seeks to keep confidential. *Id.* We hold that it was error to inquire into the actual confidences. Point of error three is sustained.

Points of error four through seven address the dismissal of appellant's action for damages against the attorney at the injunction hearing. We sustain these points of error for two reasons. First, it is well established in Texas Courts that dismissal of a case is not proper on the court's own motion. Here the trial judge dismissed appellant's case sua sponte, without a plea in abatement or special exceptions by the defendant. To do so is error. *See Herring v. Texas Department of Corrections*, 500 S.W.2d 718 (Tex.Civ.App.—Houston [14th Dist.] 1973), *affirmed*, 513 S.W.2d 6 (Tex.1974). Second, it is improper for the court to dismiss an entire case on the merits, including an action for damages, at a temporary injunction hearing. It could reasonably be construed as a denial of the right to jury trial. *Bankers Multiple Line Insurance Company v. Gordon*, 422 S.W.2d 244, 246 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ). We hold that the trial court abused its discretion in so doing. We sustain points of error four through seven.

The part of the judgment of the trial court denying the application for a temporary injunction is affirmed; that part dismissing the remainder of the appellant's action is reversed and remanded for further proceedings consistent with this opinion. Points of error one and two are overruled, all others are sustained.