Charley **DOUTHIT**, d/b/a Charley's Fire Extinguisher Service, Appellant,

v.

Tommy Lee **WHEELER**, et al., Appellees.

No. 07–85–0351–CV.

Court of Appeals of Texas, Amarillo.

April 14, 1986.

Keith D. Lemons, Amarillo, Ken Fields, Pampa, for appellant.

Dale Friend, Houston, for appellees.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

The question presented by this appeal is whether a defendant may appeal from an interlocutory order overruling his motion to disqualify plaintiffs' attorney by means of a temporary injunction. Holding that no appeal lies from the order, we grant plaintiffs' motion to dismiss, and dismiss the appeal for want of jurisdiction.

Tommy Lee Wheeler and Lila Chesser, individually and as next friends for their son, Timmy Wheeler, a minor, filed a tort action to recover damages from Charley Douthit, d/b/a Charley's Fire Extinguisher Service, for personal injuries sustained by Timmy. Plaintiffs' action was filed by John W. Warner, a Pampa attorney, who was later succeeded by Dale Friend, a Houston attorney.

Douthit moved to disqualify Friend. The basis of his motion was that prior to Warner's representation of plaintiffs, he, Douthit, had sought the legal counsel of Warner concerning the facts which gave rise to plaintiffs' claim and, before and after Warner's termination of employment with plaintiffs, Warner discussed with Friend the facts of, and furnished him information gathered on, the case. Based on these actions, alleged to show violations of ethical canons resulting in an unfair advantage to plaintiffs, Douthit prayed for an order enjoining and preventing Friend from representing plaintiffs and restraining and prohibiting Friend and Warner from assisting plaintiffs in the controversy.

After a hearing, the trial court signed an order by which it denied and overruled the motion to disqualify Friend. Douthit took the procedural steps to perfect an appeal. The merits of the appeal and plaintiffs' motion to dismiss the appeal have been submitted on written briefs and oral arguments.

■■■ An appellate court has jurisdiction of an appeal only from an interlocutory order authorized to be appealed or from a final judgment. *Davis v. McCray Refrigerator Sales Corporation,* 136 Tex. 296, 150 S.W.2d 377 (1941). The order Douthit complains of relates merely to an incident in the litigation still pending in the trial court and, thus, is purely interlocutory. An interlocutory order is not appealable unless specifically made so by statute. *Henderson v. Shell Oil Co.,* 143 Tex. 142, 182 S.W.2d 994, 995 (1944). There is no statute authorizing an appeal from an interlocutory order overruling a motion to disqualify an attorney. *Knox v. Long,* 228 S.W.2d 367, 368 (Tex.Civ.App.—Texarkana 1950, writ ref'd).[1]

Nevertheless, Douthit contends that his motion was in the form of, and constituted an application for, a temporary injunction, and an appeal from the order refusing the temporary injunction is authorized by Article 4662, Texas Revised Civil Statutes Annotated (Vernon 1952).[2] In addition, he asserts that an appeal from an interlocutory order overruling an application for a temporary injunction to restrain, and a motion to disqualify, an attorney from representing a party was allowed in *Braun v. Valley Ear, Nose & Throat Specialists,* 611 S.W.2d 470 (Tex.Civ.App.—Corpus Christi 1980, no writ).[3] Yet, given the ap-

---

**1.** Likewise, there is no statute authorizing an appeal from an interlocutory order granting a motion to disqualify an attorney. *Aubin v. Territorial Mortg. Co. of America,* 640 S.W.2d 737, 742–43 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Thomas v. Peoples National Bank,* 380 S.W.2d 789, 790 (Tex.Civ.App.—Forth Worth 1964, writ dism'd); *State v. Wischkaemper,* 186 S.W.2d 370, 371 (Tex.Civ.App.—Amarillo 1945, no writ).

**2.** Article 4662 was repealed effective 1 September 1985 by Act of June 16, 1985, ch. 959, § 9, 1985 Tex.Gen.Laws 7043, 7218–7219. The Act by which the statute was repealed is the enact-

ment of the Civil Practice and Remedies Code Annotated (Vernon Pamp.1986), which contains this provision:

§ 51.014. Appeal From Interlocutory Order
    A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

\*      \*      \*      \*      \*      \*

    (4) grants or refuses or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65.

**3.** Similarly, in *Dillard v. Berryman,* 683 S.W.2d 13 (Tex.App.—Fort Worth 1984, no writ), the court rendered a decision on the merits of an

peal in *Braun,* and accepting Douthit's motion as one for the disqualification of the attorney to be effected by a temporary injunction, neither of these circumstances serves to confer jurisdiction over the merits of the appeal on this Court.

Although the *Braun* court, as well as the *Dillard* court mentioned in marginal note 3, announced its review of the trial court's order under its standard for review of an order refusing a temporary injunction, the matter of the appellate court's jurisdiction over the merits of the appeal was not addressed in either opinion, obviously because the issue was not raised. It logically follows, then, that the *Braun* and *Dillard* decisions, rendered on the merits of the appeals in the absence of any jurisdictional inquiry, cannot be said to be affirmative holdings that an order overruling a motion to disqualify an attorney, coupled with a prayer for injunctive relief, is an appealable order.

But a more cogent answer to the question on appeal is that, once the matter of the appellate court's jurisdiction is posed, it is uniformly held that the absence of statutory authority to review a trial court's order overruling a motion to disqualify an attorney, albeit clothed in injunctive language, deprives the court of jurisdiction over the appeal. *Gleason v. Coman,* 693 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *National Western Life Ins. Co. v. Walters,* 663 S.W.2d 125, 126 (Tex.App.—Austin 1983, no writ). Indeed, the *Walters* court, considering a replica of the situation presented in this appeal, said, "We do not agree, however, that an order refusing to disqualify opposing counsel may be cloaked in injunctive language so as to permit the appeal of an otherwise non-appealable order." 663 S.W.2d at 126. We subscribe to the comment, for a holding to the contrary would sanction the appeal from any interlocutory order rendered unappealable for lack of statutory authority in the event it operated

upon a motion embracing injunctive language. That is not the law.

■ Accordingly, we hold that an interlocutory order overruling a motion to disqualify an attorney by means of a temporary injunction is unappealable. Consequently, plaintiffs' motion to dismiss the appeal is granted.

The appeal is dismissed for want of jurisdiction.

---

appeal characterized by the court as being one taken from the denial of a temporary injunction

which would effectively prevent an attorney and his firm from acting as counsel for a party.