**Ramona MARQUEZ and Mary Ruiz, d/b/a Mar–Ru Boutique & Gifts, Appellants,**

v.

**STATE FARM LLOYD'S OF DALLAS, TEXAS, State Farm Fire & Casualty Co., State Farm Mutual Automobile Insurance Co., Raul Benavides, Jr., Appellees.**

No. 04–91–00152–CV.

Court of Appeals of Texas, San Antonio.

Sept. 2, 1992.

Rehearing Denied Oct. 1, 1992.

Paul W. Green, David Moore, Green, McReynolds & Reed, P.C., San Antonio, for appellants.

Daniel C. Andrews, Carol A. Jenson, Jones, Kurth & Treat, P.C., San Antonio, for appellees.

Before BUTTS, GARCIA and DIAL[1], JJ.

DIAL, Justice (Assigned).

This is a suit on a fire insurance policy.

Ramona Marquez and Mary Ruiz filed a claim for fire damage to their store. State Farm denied the claim on the basis that Marquez and Ruiz had set the fire or caused it to be set. Suit was filed against State Farm on multiple causes of action. The jury found that Marquez and Ruiz did set the fire. A take-nothing judgment was entered.

The single point of error in this appeal is that the trial court erred in failing to disqualify Amado Abascal, local counsel for State Farm.

The transcript contains a motion to disqualify Abascal as attorney for State Farm and a supplemental motion. Neither is sworn to. The defense filed an unsworn response and supplemental response. The record reflects no evidence adduced on these motions. The judge denied the motion in a letter to the attorneys.

It is undisputed that at the time of the fire and at the time State Farm hired Abascal, he was the District Attorney for Maverick County where the incident took place. It is conceded by the appellants that Abascal had resigned as district attorney before the case came to trial. They also concede that it is perfectly proper for a district attorney to have a private civil practice.

The crux of the appellants' argument is that since State Farm contended that they intentionally set the fire and the district attorney had jurisdiction over arson cases in Maverick County, this created an impermissible conflict of interest for Abascal.

The appellants ask us to craft a new rule of law in Texas that would invoke a per se prohibition against a former district attorney representing a client who is sued by individuals who could potentially be charged with a crime growing out of the transaction in question. We refuse to author such a rule.

There is absolutely no evidence or suggestion that Abascal investigated the appellants while he was district attorney and then used that information to benefit State Farm. There is no evidence that Abascal was involved at all in any investigation of the arson or even knew of it while he was still the district attorney. Nothing was brought before the jury to suggest that Abascal was representing State Farm as an extension of his prior duty to enforce the criminal laws in Maverick County or using his prior office to influence the tribunal. Abascal's representation did not fall within any of the prohibitions of the Texas Code of Professional Responsibility cited by appellants.[2] Appellants cite *Gleason v. Coman*, 693 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.]

---

1. PPESTON H. DIAL, Jr., assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.-003(b) (Vernon 1988).

2. Appellants cite SUPREME COURT OF TEXAS, CODE OF PROFESSIONAL RESPONSIBILITY, EC 8-8 and SUPREME COURT OF TEXAS, CODE OF PROFESSIONAL RESPONSIBILITY,

DR 8-101(A) which each deal with a public officer using his public position improperly. These do not apply since Abascal was no longer a public official. Appellants also cite SUPREME COURT OF TEXAS, CODE OF PROFESSIONAL RESPONSIBILITY, EC 9-1 and SUPREME COURT OF TEXAS, CODE OF PROFESSIONAL RESPONSIBILITY, DR 9-101(B) which deal with an attorney accepting employment in

1985, writ ref'd n.r.e.) for authority that an attorney should not represent a client against a former client. That rule has no applicability here even if Abascal had been involved in the arson investigation, as his interests would have been consistent rather than in conflict with those of State Farm.[3]

We hold that Abascal was not disqualified from representing State Farm in the trial, and the trial judge was correct in denying the motion for disqualification.

Even if the ruling on the motion to disqualify had been error, the appellants would be unable to overcome the effect of the harmless error rule. TEX.R.APP.P. 81(b)(1) states that no case will be reversed on appeal on the basis of trial court error unless the appellate court is of the opinion that the error complained of amounted to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. We are directed to no evidence in the record that demonstrates harmful error if it had been error. We are satisfied that the ruling did not result in an improper judgment.

The point of error is overruled, and the judgment is affirmed.

connection with a matter in which he had a substantial responsibility while he was in public office. Nothing in the record indicates that Abascal had any responsibility or involvement in investigating the arson cases.

**3.** Appellants also cite foreign cases denouncing the propriety of a district attorney prosecuting a defendant and then representing the victim in a civil proceedings. These are not the facts in our present case, and no purpose would be served by our commenting on that rule.