

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00327-CV

_____

REGINA NACHAEL HOWELL FOSTER, Appellant

V.

CARLOS FOSTER AND AREYA HOLDER, Appellees

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-667390-19

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Regina Nachael Howell Foster,[1] proceeding pro se, appeals (1) the trial court's judgment granting the Texas Rule of Civil Procedure 91a motion to dismiss that was filed by Appellee Areya Holder,[2] the Chapter 7 Bankruptcy Trustee for Regina's bankruptcy case (Trustee), and dismissing sua sponte Regina's suit against Appellee Carlos Foster and (2) the regional presiding judge's order denying Regina's motion to recuse the trial judge. We will affirm the judgment dismissing the claims against Trustee, reverse the judgment dismissing the claims against Carlos, and remand those claims to the trial court. We will also affirm the order denying Regina's recusal motion. We will deny Trustee's request for sanctions under Texas Rule of Appellate Procedure 45.

## II. BACKGROUND

On July 6, 2012, Regina filed her petition for divorce against Carlos. Four days earlier, Regina had filed what she referred to as "an individual bankruptcy

---

[1]Because Appellant and one of the Appellees have the same last name, we will refer to them by their first names.

[2]At times in the record, Holder is referred to as "Areya Holder Aurzada." For consistency, we will refer to her as "Trustee."

proceeding."[3] Trustee intervened in the divorce proceeding, claiming a right to the community property that was subject to division in the case. On February 28, 2017, the trial court dismissed the divorce proceeding for want of prosecution.

This lawsuit began over two years later when Regina filed her "Original Petition for Bill of Review in Connection with a Dissolution of Marriage." In general,[4] her bill of review complains that the trial court wrongfully dismissed the divorce proceeding for want of prosecution and that the Trustee wrongfully sought to make certain property in the divorce proceeding part of the bankruptcy estate.

After answering the bill of review proceeding, Trustee filed a "Motion to Dismiss Baseless Cause of Action," seeking dismissal of the case under Texas Rule of Civil Procedure 91a. Thereafter, Regina filed her "First Supplemental Petition for Bill of Review for Divorce, Request for Temporary Restraining Order and Request for Injunctive Relief" and her response to the motion to dismiss. Because Carlos had not answered the bill of review lawsuit, Regina also filed a motion for default judgment against him. A hearing on the motion to dismiss and the motion for default judgment was set for November 21, 2019. A few days later and before the hearing on the

---

[3]A detailed history of both the state court and bankruptcy court proceedings is set out in *Foster v. Holder (In re Foster)*, No. 12-43804-ELM, 2020 WL 6390671 (Bankr. N.D. Tex. Oct. 30, 2020).

[4]As we recently noted in another proceeding brought by Regina, "We struggle to interpret [Regina's] pleadings and the contours of her claims." *Foster v. Mackie Wolf Zientz & Mann, P.C.*, No. 02-20-00294-CV, 2021 WL 1134452, at *1 (Tex. App.— Fort Worth, Mar. 25, 2021, no pet.) (mem. op.).

motion to dismiss, Carlos filed an answer—asserting only a general denial and a request for attorney's fees and court costs—in the bill of review lawsuit.

At the November 21, 2019 hearing on the Rule 91a motion to dismiss, Regina, Trustee's attorney, and Carlos's attorney appeared and argued. In addition to urging the trial court to deny Regina's motion for default judgment, Carlos's attorney asked that the bill of review against his client be dismissed. At the conclusion of the hearing, the trial court stated, "Matter is dismissed." The court did not sign an order at that time.

On March 12, 2020, Regina filed her motion to recuse the trial judge. Thereafter, she filed an amended motion to recuse and a "supplemental amended" motion to recuse.[5] After a hearing before the regional presiding judge,[6] the motion to recuse was denied. Almost two weeks later, the trial court signed the "Final Order on Motion for Default Judgment and Motion to Dismiss Baseless Cause of Action" wherein Regina's motion for default judgment was denied, Trustee's Rule 91a motion to dismiss was granted, and the case was dismissed "in its entirety." Regina requested findings of fact and conclusions of law, but none were entered. This appeal followed.

---

[5]At the hearing on the motion to recuse, the regional presiding judge stated that the "supplemental amended" motion, which was filed the same day as the hearing, would not be considered because it was untimely and would have to be presented to the trial court as a separate amended motion to recuse.

[6]The regional presiding judge must rule on a referred recusal motion or assign a judge to rule. Tex. R. Civ. P. 18a(g)(1).

### III. DISCUSSION

The "Issues Presented" section of Regina's brief contains five questions, which can be grouped as challenges to (1) the granting of the Rule 91a motion filed by Trustee (issues 3-5), (2) the sua sponte dismissal of Regina's case against Carlos (issue 1), and (3) the denial of Regina's motion to recuse the trial judge (issue 2). Trustee filed an appellate brief, but Carlos did not file one.[7] We will address the issues in the order in which they were presented to the trial court.

### A. Granting of the Rule 91a Motion to Dismiss

Under Rule 91a, a party may move for dismissal on the ground that a cause of action has no basis in law or fact. Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but "must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits." Tex. R. Civ. P. 91a.6. We review the merits of a Rule 91a ruling de novo; whether a defendant is entitled to dismissal under the facts

---

[7]Where appellee fails to file an appellate brief, we nevertheless review the merits of the appellate issues to determine whether reversal of the trial court's ruling is warranted. *Yeater v. H-Town Towing LLC*, 605 S.W.3d 729, 731 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see also Sullivan v. Booker*, 877 S.W.2d 370, 373 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (stating that appellee's failure to respond to appellants' brief did not automatically entitle appellants to a reversal).

alleged is a legal question. *In re Farmers Tex. Cty. Mut. Ins. Co.*, No. 19-0701, 2021 WL 1583878, at *3 (Tex. Apr. 23, 2021, orig. proceeding) (citing *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)).

In deciding a Rule 91a motion to dismiss, we construe the pleadings liberally in the plaintiff's favor, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We apply the fair notice standard of pleading under which the pleadings are sufficient if a cause of action can reasonably be inferred from the facts pleaded. *Id.*; *McNeil v. Nabors Drilling USA, Inc.*, 36 S.W.3d 248, 250 (Tex. App.—Houston [1st Dist.] 2001, no pet.). The dismissal grounds under Rule 91a have been analogized to a plea to the jurisdiction, which requires a court to determine whether the pleadings allege facts demonstrating jurisdiction. *Sanchez*, 494 S.W.3d at 724–25.

In her Rule 91a motion, Trustee moved for dismissal for three reasons: (1) Regina did not follow the proper procedure for a lawsuit against a bankruptcy trustee; (2) Regina's attempts to file suit against Trustee were already denied by the United States Bankruptcy Court, and (3) Trustee has immunity from suit under established law from the United States Fifth Circuit Court of Appeals. To the motion, Trustee attached sixty-five pages of documents, including (1) a bankruptcy court order denying a motion to reopen the bankruptcy case and denying a fee waiver motion; (2) the transcript from the hearing before the bankruptcy court that pertained

6

to that order; (3) a bankruptcy court final judgment that, among other things, found that certain named properties were property of Regina's bankruptcy estate; (4) a bankruptcy court order granting Trustee's objection to the claim of the Fosters' children; (5) an order entered in the divorce proceeding denying Regina's special exceptions to a motion to intervene and motion to strike intervention; (6) an order entered in the divorce proceeding denying Regina's motion to limit Trustee's claims to those that could be asserted by a creditor under Texas Family Code Section 3.202(b)(1) and granting a motion for sanctions; (7) an order entered in the divorce proceeding denying Regina's motion to rule that the bankruptcy court was asking the divorce court to determine whether rental income is community or separate property under Texas law and granting a motion for sanctions; (8) an order entered in the divorce proceeding denying Regina's motion to stay the divorce proceedings and her motion to take judicial notice of laws and related proceedings and granting a motion for sanctions; (9) an order entered in the divorce proceeding denying Regina's motion to clarify the parties' standing and her motion for a more definite statement of the issues allowed to be tried to the jury and granting a motion for sanctions; (10) a bankruptcy court order granting Trustee's motion to sell property (936 E. Powell Avenue, Fort Worth, Texas) free and clear of liens, claims, and encumbrances; and (11) a bankruptcy court order granting Trustee's motion to sell property (a shopping center) free and clear of liens, claims, and encumbrances.

Rule 91a.6 expressly provides that the "court may not consider evidence in ruling on the [Rule 91a] motion and must decide the motion based on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. "[F]or a [R]ule 91a motion, the Legislature commanded that the process of review for baseless claims shall be achieved 'without evidence,' *see* Tex. Gov't Code Ann. § 22.004(g), and [R]ule 91a's directive is to solely review the pleadings." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 605 (Tex. App.—Corpus Christi 2017*,* no pet.). Thus, as a general rule, we cannot consider the evidence offered by Trustee and must decide the motion to dismiss based solely on the pleading of the cause of action. *See Envision Realty Grp., LLC v. Chen*, No. 05-18-00613-CV, 2020 WL 1060698, at *3 (Tex. App.—Dallas Mar. 5, 2020, no pet.) (mem. op.).

In her response to the motion to dismiss, Regina did not object to the documents attached to the motion, but she noted that, "in determining to dismiss the Petitioner's Bill of Review, the court cannot consider [Trustee's] purported evidence attached to her motion to dismiss under 91a." However, in her sixty-seven page "original petition for bill of review," as well as in her response to the motion to dismiss, Regina referenced many of the same documents that Trustee relied upon and asked the trial court to take judicial notice of them.

We need not decide if Trustee's attachments were improperly considered by the trial court because at least one basis for the motion to dismiss is not dependent on

the attachments. In Trustee's motion to dismiss, in addition to her claims that Regina did not follow the proper procedure for a lawsuit against a bankruptcy trustee and that Regina's attempts to file suit were already denied by the bankruptcy court, Trustee urged that she "has absolute immunity for the actions and claims that the Debtor describes in her Bill of Review, which are _all_ based on court orders." Because we conclude that absolute immunity[8] bars Regina's claims against Trustee and that this is dispositive of the motion to dismiss, we will not address the other arguments raised in the trial court and on appeal. *See* Tex. R. App. P. 47.1, 47.4; *see also Zawislak v. Moskow,* No. 03-18-00280-CV, 2019 WL 2202209, at *3 (Tex. App.—Austin May 22, 2019, no pet.) (mem. op.).

To Trustee's assertion of immunity, Regina responds that she has pleaded an *ultra vires* claim. *See Barton v. Barbour*, 104 U.S. 126, 134 (1881) ("[I]f, by mistake or wrongfully, the receiver takes possession of property belonging to another, such person may bring suit therefor against him personally as a matter of right; for in such case the receiver would be acting *ultra vires*."). The question before us is whether the pleading allegations, taken as true, together with inferences reasonably drawn from them, would entitle Regina to relief. *See Galperin v. Smith Protective Servs., Inc.*, No. 01-

---

[8]Immunity is a proper basis of a Rule 91a motion to dismiss. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020) (holding that an affirmative defense, such as attorney immunity, can be the basis of a Rule 91a motion).

18-00427-CV, 2019 WL 2376118, at *2 (Tex. App.—Houston [1st Dist.] June 6, 2019, no pet.) (mem. op.).

To determine whether the Trustee acted beyond her legal authority, we first examine the sources of that authority. *See Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 348–49 (Tex. 2019) (analyzing whether the State's *ultra vires* claim can proceed against the District). There is no dispute that Trustee was duly appointed by the bankruptcy court. As far as their liability, "Trustees are entitled to absolute immunity for all actions taken pursuant to a court order."[9] *Baron*, 914 F.3d at 993.

According to Regina's pleadings, all of the actions against Trustee were related to her official duties as a bankruptcy trustee. The pleadings named Trustee only in her official capacity:

> Defendant, [Trustee] is an individual acting under the color of law as a contract employee of the United States Trustee Program for the US Department of Justice as the chapter 7 panel trustee assigned pursuant to 11 USC 704 to the matter styled In re Regina Nachael Howell Foster, and numbered 12-43804-RFN- 7. . . .

Regina's pleading allegations stem from the orders entered by the bankruptcy court, all of which she asks the trial court to judicially notice:

> In the instant case, [t]he Chapter 7 trustee, as Intervenor, committed extrinsic fraud, in violation of Texas Penal Code PENAL § 36.04 and Due Process, by causing an Unconstitutional bankruptcy court order to be sent to the state court divorce proceeding for the sole purpose of

---

[9]Bankruptcy trustees are also entitled to qualified immunity for personal harms caused by actions that, while not pursuant to a court order, fall within the scope of their official duties. *Baron v. Sherman (In re Ondova Ltd. Co.)*, 914 F.3d 990, 993 (5th Cir. 2019) (per curiam).

10

interfering with the statutory rights of Regina . . . to and the Foster [sic] to seek affirmative relief for child support, spousal support, and a just and equitable division of property sought to reconstitute the community property estate under Tex. Fam. Code 7.009, under the plain meaning of Texas statu[t]es.

She complains generally about "Trustee's Motion to Sell Property Free and Clear of Liens," Trustee's "Interim Report," and "Trustee's Final Report," all of which were heard in the bankruptcy court.

Specifically, she disputes the Orders of Abstention entered by the bankruptcy court:

Instead of complying with the express mandate of Congress under 11 USC 362(j) and 28 USC 2283, the bankruptcy court usurped its jurisdiction and issued two so-called Orders of Abstention, the second Abstention Order entered by the bankruptcy court in connection with Adversary No. 14-4054, *Areya Holder v. Carlos Foster*, in connection with the bankruptcy proceeding styled and numbered *In re Regina Nachael Howell Foster*, Cause No. 12-43804-RFN-7. Said Order expressly states:

This court therefore abstains in favor of the Family Court with respect to determining (1) whether the Real Property is [Carlos's] separate property or community property, (2) if the Real Property is community property, whether it is solely managed by Carlos . . . or jointly managed, and (3) depending on the foregoing, what constitutes a fair and equitable division of such property under Texas Family Code §[ ]7.001.

Regina alleges that "the Order of Abstention directly interfered with the Foster Children's statutory claims for support and the Due Process rights by improperly influencing the impartiality of the Texas Divorce Court to apply the law to the facts." Also according to Regina, the Order of Abstention "wrongfully characterized the

11

claims asserted . . . in the pleadings in the Texas Divorce Court" and "were an impermissible attempt by a federal bankruptcy court to intrude into Texas law and interfere with an ongoing Texas court proceeding in violation of 22 USC 2283 and 11 USC 362(j)." Finally, she argues that the Orders of Abstention were "extrinsic fraud."

The bankruptcy court examined these same *ultra vires* claims by Regina when ruling on a motion to dismiss filed by Trustee. After doing so, the bankruptcy court concluded,

> Here, all of the complained of actions of the Trustee alleged in the Current Complaint were taken by the Trustee either pursuant to express order of the Court (*i.e.*[,] the Property Ownership Judgment, the Commercial Property Sale Order, the Power Property Sale Order, the SLPC Fee Order, the Trustee Fee Order and/or the Final Distribution and Discharge Order) or in performing her official duties as a chapter 7 trustee (*e.g.*, intervening in the Divorce Action to put the Family Court on notice of the Bankruptcy Case and of the bankruptcy estate's asserted interest in the Properties). Therefore, all of the Subject Claims asserted against the Trustee are barred by either absolute or qualified immunity. 'Only *ultra vires* actions—actions that fall outside the scope of [the trustee's] duties as trustee[ ]—are not entitled to immunity.' And as previously indicated, the Debtor has not plausibly alleged any *ultra vires* conduct on the part of the Trustee.

*Foster*, 2020 WL 6390671, at *16 (footnotes omitted). Because Regina "failed in the Current Complaint to set forth any *ultra vires*, individual liability claims, much less any plausible *ultra vires*, individual liability claims," because Regina did not obtain leave of court, and because the action "lacks all legitimacy," the bankruptcy court dismissed Regina's claims against Trustee. *Id.* at *15.

Construing the pleadings liberally in favor of Regina, we agree with the bankruptcy court and conclude that she has not alleged any conduct by Trustee that falls within the *ultra vires* exception to Trustee's absolute immunity, which is what Rule 91a demands. *See Wooley*, 447 S.W.3d at 76. The trial court did not need to look outside Regina's pleadings to determine whether immunity applied to the alleged facts. *See Bethel*, 595 S.W.3d at 656. Accordingly, we conclude that the trial court did not err by granting the Rule 91a motion to dismiss Regina's claims against Trustee. We overrule issues three, four, and five.

## B. Dismissing Regina's Claims Against Carlos

Regina next complains about the dismissal of her suit against Carlos, which was done sua sponte at the hearing on Trustee's Rule 91a motion to dismiss. The oral request to dismiss by Carlos's attorney was granted even though Carlos had no pending motion to dismiss. In fact, the record reflects that the only matters set for hearing on November 21, 2019, were Trustee's Rule 91a motion to dismiss and Regina's motion for default judgment against Carlos. At that hearing and in later motions, the parties made clear that Carlos had no pending request for affirmative relief when the trial court dismissed Regina's claims against him.

At the November 21, 2019 hearing, Carlos's attorney confirmed his understanding of what was before the court:

> [CARLOS'S ATTORNEY]: My understanding of what is before this Court this morning is [Regina's] motion for a default judgment

13

against [Carlos]. [Carlos] answered and he's present in the courtroom this morning, so we ask that that be denied.

My understanding of what else is before this Court this morning is the bankruptcy trustees' motion to dismiss them from the case from [Regina's] bill of review. . . .

As far as any sua sponte power, or what have you, that the Court may have to dismiss this bill of review, if the Court has that authority and power, then [Carlos is] requesting that the bill of review be dismissed.

In response to this oral request and after hearing arguments on Trustee's motion, the trial court announced that the "[m]atter is dismissed."

Several months later, because the trial court had not signed an order and the matter had been placed on the court's dismissal docket, Carlos filed a motion to sign a final order. Regina filed a written objection to the judgment, noting in part, "On or about March 12, 2020[,] Carlos . . . filed a motion to sign a final judgment, although Carlos . . . has only filed a General Denial and has not moved this court for any affirmative relief." At the hearing on the motion to sign a final order, Carlos's attorney acknowledged what had been heard at the November 21, 2019 hearing:

On the 21st of November of 2019, last year, a hearing was held before you on two items. One of them was [Regina's] motion for default judgment against [Carlos], which you denied, and the other that was before you was the - - [Trustee's] motion to dismiss baseless cause of action, which you granted.

Again in her motion to recuse, Regina pointed out that Carlos was requesting that the judge sign a final judgment even though he had "not moved this court for any affirmative relief."

14

After the case was dismissed, Regina filed a motion for new trial and noted that Carlos had presented a motion to sign a final judgment that was "based on [Carlos's] general denial and oral request that the court sua sponte dismiss the Bill of Review." [Footnote omitted.] She elaborated:

> 25. [Carlos] filed a General Denial. A General Denial is not a dispositive motion or an affirmative claim for relief under Texas Rule of Civil Procedure 301. . . .
>
> 26. A "judgment of the court must conform to the pleadings of the parties." *Cunningham v. Parkdale Bank*, 660 S[.]W[.]2d 810, 813 (Tex. 1983[) ](citing [Tex. R. Civ. P.] 301). [Carlos] has not filed any dispositive motions in this case requesting any affirmative relief. If the judgment grants **more relief than requested**, it should be reversed and remanded.

On appeal, Regina's first issue asks,

> Did the court abuse his discretion under Rule 278 of the Texas Rules of Civil Procedure *by refusing to* submit the issues of lack of notice and extrinsic fraud to the jury raised by the bill of review and accompanying certified transcripts and exhibits on file with [the] court when he erroneously granted the oral request by [Carlos's] counsel to sua sponte dismiss the case?

In a similar sua sponte dismissal, our sister court reversed the dismissal. *Ward v. Lamar Univ.*, 484 S.W.3d 440, 453 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (op. on reh'g). As the Houston court noted, the trial court's order specified that the dismissal was for failure to plead facts supporting the claims:

> But there was no motion or other procedural vehicle available to the trial court authorizing it to dismiss these claims, and neither the trial court nor the appellees identify any authority for dismissing a claim sua sponte on this basis.

15

> In the absence of such authority, courts should rely on the adversary system of justice, which depends on the parties to frame the issues for decision and assigns to courts the role of neutral arbiter of the matters that the parties present.

*Id.* (citations omitted); *see also Wood v. Walker*, 279 S.W.3d 705, 709 (Tex. App.—Amarillo 2007, no pet.) ("A trial court's *sua sponte* dismissal of a case without a plea in abatement or special exceptions is not proper."); *Gleason v. Coman*, 693 S.W.2d 564, 567 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) ("[I]t is well established in Texas Courts that dismissal of a case is not proper on the court's own motion. . . . To do so is error.")

We agree with these courts and therefore sustain Regina's argument, fairly included within her first issue,[10] that attacks the trial court's sua sponte dismissal of Regina's claims against Carlos.

## C. Denying the Recusal Motion

Next, Regina contends that the regional presiding judge abused his discretion in denying her motion to recuse the trial judge. In her motion to recuse, Regina complained about the rulings of the trial court and the failure of the trial court to give her a jury trial. Specifically, she stated that the trial court "has shown a bias against Plaintiffs proceeding to the merits of their claims in their bill of review and should be

---

[10]*See* Tex. R. App. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary issue that is fairly included.").

16

recused." At the hearing on the motion to recuse, the regional presiding judge summarized Regina's position after hearing her argument:

> THE COURT: [Regina], you don't need to argue the law about this. I think your argument is, is that [the trial judge] hasn't followed the law; is that correct?
>
> [REGINA]: To the point of - - to the point of impartiality. His impartiality is in denying us due process in the first instant and denying us access to the open court provision.

At the conclusion of the hearing, the motion was taken under advisement and later denied.

We review an order denying a motion to recuse for an abuse of discretion. Tex. R. Civ. P. 18a(j)(1). The test for recusal is "whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 776 (Tex. App.—Dallas 2011, no pet.).

Under Texas Rule of Civil Procedure 18a, a party can move to recuse or disqualify a judge who is sitting in a case. Tex. R. Civ. P. 18a(a). The motion "must not be based solely on the judge's rulings in the case." Tex. R. Civ. P. 18a(a)(3). The comment to the rule also states that "a judge's rulings may not be the sole basis for a motion to recuse or disqualify the judge." Tex. R. Civ. P. 18a cmt. Bias almost never can be shown based solely on the judge's rulings in a case. *Tyler v. State*, No. 05-18-00376-CR, 2019 WL 2296039, at *2 (Tex. App.—Dallas May 30, 2019, no pet.) (mem. op.). "A party's remedy for unfair rulings is to assign error regarding the adverse

17

rulings." *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

As noted by the regional presiding judge at the hearing on the motion to recuse, Regina's complaints about the trial judge center on the rulings made by the judge. In her amended motion to recuse, Regina complains about the trial court's ruling on the Rule 91a motion to dismiss, the sua sponte dismissal of her claims against Carlos, and the failure to set a hearing on her motion for summary judgment and motion to retain. In essence, she makes many of the same legal arguments that she is making now on appeal. Therefore, they are not a proper basis for recusal, and we accordingly reject Regina's argument in her second issue that the trial court erred in failing to recuse himself, as well as her contention that the regional presiding judge abused his discretion by denying her recusal motion. Regina's second issue is overruled.

## D. Trustee's Request for Sanctions

Finally, we address Trustee's argument that she is entitled to damages because Regina filed a frivolous appeal. Under Texas Rule of Appellate Procedure 45, a court of appeals may—on motion of a party or on its own, after notice and a reasonable opportunity to respond—award "just damages" as a sanction if it determines that an appeal is frivolous. Tex. R. App. P. 45; *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 207 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

18

"When deciding whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had a reasonable basis to believe the case could be reversed on appeal." *Lane-Valente Indus.*, 468 S.W.3d at 206 (citing *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.— Houston [14th Dist.] 2011, pet. denied) (op. on reh'g en banc)). The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 709 (Tex. App.—El Paso 2019, pet. denied).

While we have overruled most of Regina's issues, we have sustained her first issue. *See Lane-Valente Indus.*, 468 S.W.3d at 207 (citing *Keever v. Finlan*, 988 S.W.2d 300, 315 (Tex. App.—Dallas 1999, pet. dism'd) (op. on reh'g) (holding that because it had sustained one point of error, appellate court could not conclude that appellant had no reasonable grounds to believe that the judgment should be reversed)). We do note that the bankruptcy court referred to Regina's allegations of *ultra vires* conduct on the part of Trustee as "patently frivolous." *Foster*, 2020 WL 6390671, at *15. However, after reviewing the entire record, we conclude that at least part of Regina's appeal is not objectively frivolous, and therefore, just damages may not be imposed. *See* Tex. R. App. P. 45.

## IV. Conclusion

Having sustained Regina's first issue, we reverse the part of the trial court's judgment dismissing Regina's claims against Carlos and remand those claims to the

19

trial court. Having overruled Regina's remaining issues, we affirm the remainder of the trial court's judgment and the regional presiding judge's order denying Regina's recusal motion. We deny Trustee's request for sanctions.

/s/ Dana Womack

Dana Womack
Justice

Delivered: June 10, 2021

20